# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GEM Products, LLC, | Case No. |
| Plaintiff, | Civil Action No. |
| vs. | **JURY DEMANDED** |
| Rupp Marine, Inc. | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, GEM Products, LLC ("GEM Products"), for its complaint against Defendant, Rupp Marine, Inc. ("Rupp Marine"), states as follows:

## NATURE OF ACTION

This is an action for infringement of the claims of US Patent Nos.: (a) 8,656,632 ('632 Patent); (b) 9,392,778 ('778 Patent); (c) 9,717,226 ('226 Patent); and (d) 11,589,566 ('566 Patent) (collectively "GEM Products' Patents"), pursuant to the US Patent Act, 35 USC § 101, *et. seq.*, stemming from Rupp Marine's acts of making, using, selling, offering to sell, and/or importing into the United States, certain fishing outriggers and outrigger accessories.

## PARTIES

1. Plaintiff, GEM Products, is a limited liability company organized and existing under the laws of the State of Florida, and has a principal place of business at 12770 Flagler Center Boulevard, Jacksonville, Florida.

2. Defendant, Rupp Marine, is a corporation organized and existing under the laws of the State of Florida, and has a principal place of business at 4761 SE Anchor Avenue, Stuart, Florida.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant 28 U.S.C. §1338(a), in that this matter arises under an Act of Congress relating to patents.

4. This Court has personal jurisdiction over Rupp Marine because Rupp Marine has a principal place of business(es) located within this District, has committed the acts complained of herein in this District, and/or transacts business within this District.

5. Venue is proper in this district pursuant to 28 U.S.C. §1400(b), in that Rupp Marine resides in this District, and/or has committed acts of infringement and has a regular and established place of business in this District.

## FACTS

6. GEM Products is a well-known designer, developer, engineer, manufacturer, marketer, and seller of high-quality, high-end boating and fishing products and equipment.

7. Purchasers, customers, and end-users purchase and use GEM Products' products because of GEM Products' service, reputation, and goodwill, and the high quality and reliability of the products that GEM Products designs and sells.

8. GEM Products is the owner of all rights, title, and interest in and to each of GEM Products' Patents (respectively attached as Exhibits A, B, C, and D).

9. Rupp Marine is making, using, selling, offering to sell, and/or importing into the United States, certain outrigger products and outrigger accessories, including, but not limited to, Rupp Marine's "Outriggers with Pulley Option," "Outriggers with Pulley Clusters," "Pulley Clusters" (part nos. CA-0144, CA-0145, and CA-0146), and "Pulley Upgrades" (part nos. CA-04PC-3X, CA-04PC-2X, CA-03PC-3X and CA-03PC-2X) (collectively "Accused Products") (attached as Exhibit E are annotated copies of pp. 9 and 15 of Rupp Marine's 2024-2025 Catalog

showing exemplar Outriggers with Pulley Clusters, Pulley Clusters and Outriggers with Pulley Option (red-boxed portions), and pages from Rupp Marine's website showing exemplar Rupp Marine's Pulley Upgrades).

10. Rupp Marine provides its customers with "Rigging Instructions," instructing its customers how to rig Rupp's Marine's Outriggers with Pulley Clusters and outriggers with Rupp Marine's Pulley Clusters (*see* Exhibit F), and Rupp Marine's Outriggers with Pulley Option and outriggers with Rupp Marine's Pulley Upgrades (*see* Exhibit G).

11. Attached as Exhibit F are claim charts, comparing at least one of Rupp Marine's Outriggers with Pulley Clusters and Rupp Marine's Pulley Clusters to independent claim 1 of each of GEM Products' Patents, evidencing direct and/or indirect infringement by Rupp Marine.

12. Attached as Exhibit G are claim charts, comparing at least one of Rupp Marine's Outriggers with Pulley Option and Pulley Upgrades to independent claim 1 of each of GEM Products' Patents, evidencing direct and/or indirect infringement by Rupp Marine.

## COUNT I
## INFRINGEMENT OF THE '632 PATENT

13. GEM Products restates and realleges the allegations in Paragraphs 1-12, as if fully set forth herein.

14. Rupp Marine's actions of using, manufacturing, selling, offering for sale, and/or importing into the United States, the Accused Products cause Rupp Marine to directly and/or indirectly infringe at least claims 1-11, and 15-17 of GEM Products' '632 Patent, literally and/or under the Doctrine of Equivalents. (*See e.g.*, Exhibit F).

15. For example, Rupp Marine's Outriggers with Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-11 and 15-16 of the '632 Patent, since those Outriggers with Pulley Clusters are a material part of a combination or apparatus for

use in practicing the invention(s) claimed in at least claims 1-11 and 15-16 of the '632 Patent, with Rupp Marine knowing such Outriggers with Pulley Clusters are especially made or adapted for use in an infringement of at least claims 1-11 and 15-16 of the '632 Patent, and such Outriggers with Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit F).

16. Likewise, for example, Rupp Marine's Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-11 and 15-16 of the '632 Patent, since those Pulley Clusters are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-11 and 15-16 of the '632 Patent, with Rupp Marine knowing such Pulley Clusters are especially made or adapted for use in an infringement of at least claims 1-11 and 15-16 of the '632 Patent, and such Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit F).

17. Also, for example, Rupp Marine's Outriggers with Pulley Option cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-11 and 15-16 of the '632 Patent, since those Outriggers with Pulley Option are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-11 and 15-16 of the '632 Patent, with Rupp Marine knowing such Outriggers with Pulley Option are especially made or adapted for use in an infringement of at least claims 1-11 and 15-16 of the '632 Patent, and such Outriggers with Pulley Option are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit G).

18. Likewise, for example, Rupp Marine's Pulley Upgrades cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-11 and 15-16 of the '632 Patent, since those Pulley Upgrades are a material part of a combination or apparatus for use in practicing

the invention(s) claimed in at least claims 1-11 and 15-16 of the '632 Patent, with Rupp Marine knowing such Pulley Upgrades are especially made or adapted for use in an infringement of at least claims 1-11 and 15-16 of the '632 Patent, and such Pulley Upgrades are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit G).

19. Rupp Marine has notice of its infringement, as prescribed by 35 U.S.C. § 287(a).

20. Rupp Marine's infringement has been, and continues to be, willful.

21. Rupp Marine's infringement of the claims of the '632 Patent has caused, and continues to cause, irreparable injury to GEM Products, and unless and until Rupp Marine's infringement of the claims of the '632 Patent is enjoined by this Court, GEM Products will continue to suffer irreparable injury because of Rupp Marine's infringement. GEM Products has no adequate remedy at law.

## COUNT II
## INFRINGEMENT OF THE '778 PATENT

22. GEM Products restates and realleges the allegations in Paragraphs 1-12, as if fully set forth herein.

23. Rupp Marine's actions of using, manufacturing, selling, offering for sale, and/or importing into the United States, the Accused Products cause Rupp Marine to directly and/or indirectly infringe at least claim 1 of GEM Products' '778 Patent, literally and/or under the Doctrine of Equivalents. (*See e.g.*, Exhibit F).

24. For example, Rupp Marine's Outriggers with Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claim 1 of the '778 Patent, since those Outriggers with Pulley Clusters are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claim 1 of the '778 Patent, with Rupp Marine knowing such Outriggers with Pulley Clusters are especially made or adapted for use in an

infringement of at least claim 1 of the '778 Patent, and such Outriggers with Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit F).

25. Likewise, for example, Rupp Marine's Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claim 1 of the '778 Patent, since those Pulley Clusters are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claim 1 of the '778 Patent, with Rupp Marine knowing such Pulley Clusters are especially made or adapted for use in an infringement of at least claim 1 of the '778 Patent, and such Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit F).

26. Also, for example, Rupp Marine's Outriggers with Pulley Option cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claim 1 of the '778 Patent, since those Outriggers with Pulley Option are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claim 1 of the '778 Patent, with Rupp Marine knowing such Outriggers with Pulley Option are especially made or adapted for use in an infringement of at least claim 1 of the '778 Patent, and such Outriggers with Pulley Option are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit G).

27. Likewise, for example, Rupp Marine's Pulley Upgrades cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claim 1 of the '778 Patent, since those Pulley Upgrades are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claim 1 of the '778 Patent, with Rupp Marine knowing such Pulley Upgrades are especially made or adapted for use in an infringement of at least claim 1 of the '778 Patent, and such Pulley Upgrades are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit G).

28. Rupp Marine has notice of its infringement, as prescribed by 35 U.S.C. § 287(a).

29. Rupp Marine's infringement has been, and continues to be, willful.

30. Rupp Marine's infringement of the claims of the '778 Patent has caused, and continues to cause, irreparable injury to GEM Products, and unless and until Rupp Marine's infringement of the claims of the '778 Patent is enjoined by this Court, GEM Products will continue to suffer irreparable injury because of Rupp Marine's infringement. GEM Products has no adequate remedy at law.

## COUNT III
## INFRINGEMENT OF THE '226 PATENT

31. GEM Products restates and realleges the allegations in Paragraphs 1-12, as if fully set forth herein.

32. Rupp Marine's actions of using, manufacturing, selling, offering for sale, and/or importing into the United States, the Accused Products cause Rupp Marine to directly and/or indirectly infringe at least claims 1-3, 5-6, 8, 10-12 and 17 of GEM Products' '226 Patent, literally and/or under the Doctrine of Equivalents. (*See e.g.*, Exhibit F).

33. For example, Rupp Marine's Outriggers with Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, since those Outriggers with Pulley Clusters are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, with Rupp Marine knowing such Outriggers with Pulley Clusters are especially made or adapted for use in an infringement of at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, and such Outriggers with Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit F).

34. Likewise, for example, Rupp Marine's Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, since those Pulley Clusters are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, with Rupp Marine knowing such Pulley Clusters are especially made or adapted for use in an infringement of at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, and such Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit F).

35. Also, for example, Rupp Marine's Outriggers with Pulley Option cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, since those Outriggers with Pulley Option are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, with Rupp Marine knowing such Outriggers with Pulley Option are especially made or adapted for use in an infringement of at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, and such Outriggers with Pulley Option are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit G).

36. Likewise, for example, Rupp Marine's Pulley Upgrades cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, since those Pulley Upgrades are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, with Rupp Marine knowing such Pulley Upgrades are especially made or adapted for use in an infringement of at least claims 1-3, 5-6, 8, 10-12 and 17 of the '226 Patent, and such Pulley

Upgrades are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g.*, Exhibit G).

37. Rupp Marine has notice of its infringement, as prescribed by 35 U.S.C. § 287(a).

38. Rupp Marine's infringement has been, and continues to be, willful.

39. Rupp Marine's infringement of the claims of the '226 Patent has caused, and continues to cause, irreparable injury to GEM Products, and unless and until Rupp Marine's infringement of the claims of the '226 Patent is enjoined by this Court, GEM Products will continue to suffer irreparable injury because of Rupp Marine's infringement. GEM Products has no adequate remedy at law.

## COUNT IV
## INFRINGEMENT OF THE '566 PATENT

40. GEM Products restates and realleges the allegations in Paragraphs 1-12, as if fully set forth herein.

41. Rupp Marine's actions of using, manufacturing, selling, offering for sale, and/or importing into the United States, the Accused Products cause Rupp Marine to directly and/or indirectly infringe at least claims 1-5, and 7-17 of GEM Products' '566 Patent, literally and/or under the Doctrine of Equivalents. (*See e.g.*, Exhibits F and G).

42. For example, Rupp Marine's Outriggers with Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-5, and 7-17 of the '566 Patent, since those Outriggers with Pulley Clusters are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-5, and 7-17 of the '566 Patent, with Rupp Marine knowing such Outriggers with Pulley Clusters are especially made or adapted for use in an infringement of at least claims 1-5, and 7-17 of the '566 Patent, and such Outriggers with

Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g*., Exhibit F).

43. Likewise, for example, Rupp Marine's Pulley Clusters cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-5, and 7-17 of the '566 Patent, since those Pulley Clusters are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-5, and 7-17 of the '566 Patent, with Rupp Marine knowing such Pulley Clusters are especially made or adapted for use in an infringement of at least claims 1-5, and 7-17 of the '566 Patent, and such Pulley Clusters are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g*., Exhibit F).

44. Also, for example, Rupp Marine's Outriggers with Pulley Option cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-5, and 7-17 of the '566 Patent, since those Outriggers with Pulley Option are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-5, and 7-17 of the '566 Patent, with Rupp Marine knowing such Outriggers with Pulley Option are especially made or adapted for use in an infringement of at least claims 1-5, and 7-17 of the '566 Patent, and such Outriggers with Pulley Option are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g*., Exhibit G).

45. Likewise, for example, Rupp Marine's Pulley Upgrades cause Rupp Marine to contributorily infringe under 35 USC §271(c) at least claims 1-5, and 7-17 of the '566 Patent, since those Pulley Upgrades are a material part of a combination or apparatus for use in practicing the invention(s) claimed in at least claims 1-5, and 7-17 of the '566 Patent, with Rupp Marine knowing such Pulley Upgrades are especially made or adapted for use in an infringement of at least claims

1-5, and 7-17 of the '566 Patent, and such Pulley Upgrades are not a staple article or commodity of commerce suitable for noninfringing use. (*See e.g*., Exhibit G).

46. Rupp Marine has notice of its infringement, as prescribed by 35 U.S.C. § 287(a).

47. Rupp Marine's infringement has been, and continues to be, willful.

48. Rupp Marine's infringement of the claims of the '566 Patent has caused, and continues to cause, irreparable injury to GEM Products, and unless and until Rupp Marine's infringement of the claims of the '566 Patent is enjoined by this Court, GEM Products will continue to suffer irreparable injury because of Rupp Marine's infringement. GEM Products has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, GEM Products prays for an order and judgment in its favor and against Rupp Marine, as follows:

a. preliminarily and permanently enjoining Rupp Marine, and its parents, subsidiaries, brands, affiliates, officers, directors, agents, employees, successors, and assigns, and any and all persons in active concert or participation with any of them, from using, making, causing to be made, selling, offering to sell, causing to be sold, and/or importing or causing to be imported into the United States, any product, including, but not limited to, the Accused Products, that cause Rupp Marine to directly infringe, contributorily infringe, or induce others to infringe, any claim of the '632 Patent, the '778 Patent, the '226 Patent and the '566 Patent,;

b. ordering Rupp Marine to pay to GEM Products the damages that GEM Products has incurred as a result of the acts complained of herein, including, but not limited to, an award to GEM Products for GEM Products' lost profits, but in no event less than a reasonable royalty, and including interest and costs, pursuant to 35 U.S.C. § 284;

170121463v3

c. a finding that Rupp Marine's actions and infringement has been willful, and that any damages award be trebled, pursuant to 35 U.S.C. § 284;

d. a finding that Rupp Marine's actions deem this case exceptional, and ordering Rupp Marine to pay to GEM Products its costs and expenses of this action, and its attorneys' fees, pursuant to 35 U.S.C. § 285, as a result of the acts complained of herein; and

e. awarding GEM Products any other relief that this Court deems just and fit.

## JURY DEMAND

Pursuant to FRCP 38, GEM Products demands a trial by jury of all issues so triable.

Dated:  February 6, 2025

Respectfully Submitted,
**RAINES LEGAL**

By: */s/ Elizabeth Jimenez*

Alan L. Raines
alan@raineslegal.com
Florida Bar No. 520111
Elizabeth Jimenez
ejimenez@raineslegal.com
Florida Bar No. 1008516
RAINES LEGAL
2500 N. Military Trail, Suite 303
Boca Raton, FL 33431
Telephone:   (561) 693-3221
Facsimile:   (561) 404-1104

Attorneys for Plaintiff, GEM Products, LLC

170121463v3