## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 2:25-cv-14047-DMM

GEM Products, LLC,
            Plaintiff,

v.

Rupp Marine, Inc.,
            Defendant.
_____

Rupp Marine, Inc.,
            Counterclaimant,

v.

GEM Products, LLC,
            Counterclaim-Defendant.
_____/

DEFENDANT'S EXHIBIT

**A**

### DEFENDANT/COUNTERCLAIMANT RUPP MARINE, INC.'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF/COUNTERCLAIM-DEFENDANT GEM PRODUCTS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Rupp Marine, Inc. ("Rupp Marine), hereby provides its response to the First Set of Requests for Production ("Requests") served by Plaintiff/Counterclaim-Defendant GEM Products, LLC ("GEM Products"), as follows:

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:** For each Outrigger Pulley Assembly sold by Rupp, including those sold with or attached to an outrigger, and from January 1, 2019, to present, documents sufficient to show, on a monthly basis, or the next shortest period for which such information is maintained, quantity sold, price, gross revenue, terms and conditions of sale, and identification of customer.

**RESPONSE:**

This Request is objected to as vague, ambiguous, overbroad, non-sensical, unanswerable, irrelevant, and disproportionate to the needs of the case due to the definition

1

of the term "Outrigger Pulley Assembly", and the definition of the term "Accused Products" which is included within the definition of "Outrigger Pulley Assembly". Plaintiff has not made any "infringement contention" of infringement at this point to allow any product to fall within the definition of "Accused Products" and rather than define "Accused Products" or "Outrigger Pulley Assembly" based on the products Rupp Marine *actually* offers for sale and sells, the definitions attempt a contorted and internally inconsistent definition for these terms that leaves Rupp Marine unable to determine what an "Accused Product" or "Outrigger Pulley Assembly" actually is. GEM Products has a copy of Rupp Marine's product catalog, as select pages have been included as exhibits to the Complaint (it was also produced as Bates numbers RUPP000001–RUPP000024). Instead of asking about specific products, the Request requires Rupp Marine to guess at what might be encompassed by this request.

For completeness, the objection to the defined term "Outrigger Pulley Assembly" addressed in the Defendant's Objections to the First Set of Interrogatories, is adopted and incorporated here.

Further, the only attempts as specifying a definition of "Outrigger Pulley Assembly" includes single pulley/roller products, the use of which cannot infringe any claim of any Asserted Patent—both because some such products (e.g., part no. CA-0144 (a "single" roller)) cannot meet the definition of "cord management unit" in the claims of the Asserted Patents, and *also* because each claim of each Asserted Patents requires "a plurality" of "cord management units" arranged in a specific way on an outrigger, having outrigger cords passing through "cord passages" and a "retention device" on each such outrigger cord. The sale of a single pulley/roller cannot infringe under any asserted theory of infringement, and the Complaint's infringement allegations—to the extent it can be discerned—asserts that an "infringement" requires multiple pulley/roller products attached to an outrigger, including pulley cords, where each pulley cord has an outrigger clip.

To the extent that the definition incorporates GEM Products' infringement "contentions" (*e.g.*, "'Accused Products' shall mean and refer to all products that GEM Products *contends* causes Rupp to infringe . . . .") no such contentions were provide in connection with these Requests and therefore this Request cannot be answered.

This request reflects both the bad faith nature of the allegations and claims brought by GEM Products, and also the improper "fishing expedition" engaged in by GEM Products in these requests seeking only information about products GEM Products has admitted do not infringe. These Requests suggest that GEM Products improperly filed this action for the purpose of learning about sales from its competitor of products it has now conceded do not infringe any claim of the Asserted Patents.

Rupp Marine does not sell a product called "Outrigger Pulley Assembly" and therefore has no documents related to sales of that fictitious product imagined by GEM Products. Further, Rupp Marine does not sell a product called "Outriggers with Pulley Option," does not sell a product called "Outriggers with Pulley Clusters," does not sell a specific product called "Pulley Clusters," and does not sell a specific product called "Pulley Upgrades."

Subject to and without waiving the foregoing objections, Rupp Marine has no documents showing, describing, discussing, offering for sale, selling, or reflecting sales of an outrigger having (1) two or more pulley/roller parts—where each pulley/roller part has two or more individual pulleys/rollers, (2) two or more outrigger cords, each cord passing through different individual pulleys/rollers on two or more of the pulley/roller parts, where (3) each outrigger cord includes an attached outrigger clip or other fishing line retention clip. Rupp Marine does not manufacture, import, offer for sale, or sell any such product. GEM Products knows that such a product cannot exist because such a setup can only occur by a boat user.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, responsive documents which are Bates Numbered RUPP002388-2397, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY** are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that can be attached to an outrigger and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with. In that regard, responsive documents which are Bates Numbered RUPP002388–RUPP002397, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY** have already been provided.

Further, documents which also address sales of Rupp's pulley products, outriggers, and other accessories sold at the same time as its pulley products are being provided as Bates Numbers RUPP002990–RUPP003375, **marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** under the Protective Order.

OBJECTION TO CUSTOMER IDENTIFICATION:

Rupp maintains its objection to the portion of this request seeking the identification of its customers as overbroad, irrelevant to the claims and defenses, and disproportionate to the needs of the case, and it appears only related to the potential for harassment of Rupp's customer and is likely to result in the subsequent disclosure of HIGHLY CONFIDENTIAL information directly to GEM due to the potential issuance of communications to those customers to accuse them of patent infringement as well as to issue subpoenas to the customers seeking either irrelevant and burdensome information or cumulative information that has already been produced by Rupp, or could have been requested directly from Rupp.

Rupp's sales information, necessary for GEM to address its damages theories, is already being provided which addresses all sales of "Accused Products" as requested by GEM. The theory of infringement in this case is not based on allegations of specific customers infringing, but GEM's assertion that Rupp's products necessarily infringe and/or that Rupp is inducing all customers to infringe based on its alleged advertisements. These are claims based on Rupp's specific intent to induce infringement or contribute to infringement. There is no relevant information GEM can seek from Rupp's customers that GEM cannot obtain directly from Rupp and, through the production of documents in connection with this response, there is no relevant information GEM can obtain from those customers that it has not already received directly from Rupp.

GEM is a fierce competitor of Rupp's and GEM has indicated that it may use the HIGHLY CONFIDENTIAL identification of customers to serve third party subpoenas, as it has already done for one of Rupp's biggest customers, Viking Yachts, for which a separate motion for a protective order will be sought if GEM's subpoena is not withdrawn following Rupp's production of financial documents.

Rupp has sought agreement from GEM that customer identification will not be used in ways that would, or potentially could, irreparably harm Rupp and the business relationships it has built over the last 45+ years. GEM refuses to make any such agreement. While GEM acknowledges that there is a Protective Order in place, GEM asserts that the existing protective order, DE 31-1, adopted DE 37, does not limit GEM in its ability to serve subpoenas on those customers, necessitating the present objection and request for a protective order filed to preclude production of this information or limit how it may be used by GEM.

NEED FOR AN ADDITIONAL CASE SPECIFIC PROTECTIVE ORDER UNDER FRCP 26(c) TO PROTECT AGAINST MISUSE OF CUSTOMER INFORMATION:

One way to address this is through an additional protective order to limit or eliminate the potential harm that would be caused by GEM's counsel contacting Rupp's customers.

In *Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1991), the Court addressed a factually analogous situation. Because attempts for discovery from the defendant's customers could be a form of harassment and could jeopardize the defendant's business relationships with its customers, possibly leading to irreparable injury, the court issued a protective order that precluded the plaintiff from seeking discovery directly from customers without first coming to the court to demonstrate a specific need from the third party customers. *Id.* at 849 ("At this junction, the Court cannot ascertain whether Joy is seeking discovery from Flakt's customers in an attempt to harass them. Nonetheless, it is undisputed that Joy and Flakt are fierce competitors in the technology that is the subject of this lawsuit, and Joy has not convinced the Court that the same information it seeks from third parties is not available from Flakt. Therefore, unless Joy can demonstrate that it has a specific need for evidence available only from third party customers of Flakt, the Court concludes that Flakt and its customers are entitled to protection."); *see also Murata Mfg. Co. v. Bel Fuse, Inc.* 234 F.R.D. 175, 185-86 (N.D. Ill. 2006) (denying motion to vacate protective order because the order was issued to protect

the defendant's customer relationships which could be harmed by allowing the plaintiff to seek information from the third-party customers rather than alternative sources that would not cause such harm to the defendant); *Loan Source Inc. v. Newity LLC*, Civil Action No. 22-1255-GBW, 2025 U.S. Dist. LEXIS 127348, *9–10 (D. Del. July 3, 2025) (citing *Joy Techs.* in permitting defendants to seek third party discovery of information that was not available directly from the plaintiff).

Rupp has proposed a similar type of protection to GEM and is concurrently seeking a protective order to that effect. GEM stands on its absolute right to contact Rupp's customers under Rule 45 and categorically rejects any limtiations on its right to do so. The mere issuance of subpoenas, just as it was in *Joy Techs.*, is likely to irreparably harm Rupp's customer relationships. Further, the issuance of subpoenas, requiring Rupp to seek intervention from the Court, has the potential to result in the disclosure of Rupp's HIGHLY CONFIDENTIAL customer list being disclosed through the serial issuance of subpoenas, requests for protective orders, hearings, and orders.

Indeed, this type of protection is underlying the existing protections of the Protective Order at DE 31-1, adopted at DE 37. Following designation as "HIGHLY CONFIDENTIAL," information is restricted to very limited use and restrictions on those to whom it can be disclosed. DE 31-1, §§ 5–6 (pages 4-6). The restrictions on disclosure of information marked "HIGHLY CONFIDENTIAL" can only be made outside of those specifically limited uses "[a]bsent written permission from the Producer or further order by the Court." *See id.* § 5(c). Subpoena question that include allegations that a customer is an infringer, which has already occurred in the subpoena issued to Viking Yachts, also implies the use, or potential use, of Rupp's confidential information beyond the scope of *this* litigation, a restriction included in the current protective order.

However, GEM takes the position that these restrictions do not preclude the issuance of subpoenas to Rupp's customers—even if that information has already been produced by Rupp or could be sought from Rupp. As such, Rupp requires an additional protective order similar to what was issued in *Joy Techs.* to protect Rupp and its customers from potential irreparable harm through the misuse of Rupp's HIGHLY CONFIDENTIAL customer information.

Further, given the sheer number of Rupp's customers, GEM could conceivably issue a subpoena every day for the rest of the discovery period, requiring Rupp to file separate motions to quash and/or for a protective order for every such subpoena. Accordingly, if the Court requires the disclosure of customer information, GEM should be restricted in its request(s) to issue any subpoena so that it must come to the Court a limited number of times, if not limited to only coming a single time, to request issuing subpoenas to Rupp's third-party customers.

Rupp has been conferring with GEM on this issue, and will continue to do so in the hope that the parties can reach an agreement as to the protection of Rupp's HIGHLY CONFIDENTIAL customer information, but is preserving its objection here and is concurrently seeking a protective order on this issue.

**THIRD SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that can be attached to an outrigger and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with. In that regard, responsive documents which are Bates Numbered RUPP002388–RUPP002397 (**marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY**) and Bates Numbers RUPP002990–RUPP003375 (**marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**) have already been provided. Additionally, documents sufficient to address terms and conditions, warranty information, etc. were previously produced as Bates Numbers RUPP002416–RUPP002421.

Supplemental documents responsive to this request are being produced in connection with this response, Bates Numbered RUPP003473–RUPP003758 (**marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**).

**REQUEST NO. 2:** For each Outrigger Pulley Assembly sold by Rupp, including those sold with or attached to an outrigger, and from January 1, 2019, to present, documents sufficient to show, on a monthly basis, or the next shortest period for which such information is maintained, the profitability of such Outrigger Pulley Assembly, including revenues, gross profits, net profits, gross income, net income, costs of sale, order contributions, product margins, gross margins, and operating profits.

**RESPONSE:**

Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, responsive documents which are Bates Numbered RUPP002388-2397, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY,** are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that can be attached to an outrigger and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as

being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.  In that regard, responsive documents which are Bates Numbered RUPP002388–RPUP002397, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY** are being provided with this Supplemental Response.

Further, documents which also address sales of Rupp's pulley products, outriggers, and other accessories sold at the same time as its pulley products are being provided as Bates Numbers RUPP002990–RUPP003375, **marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** under the Protective Order.

**REQUEST NO. 3:** For each Outrigger Pulley Assembly, documents sufficient to show the first date of manufacture of such Outrigger Pulley Assembly.

**RESPONSE:**

Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, responsive documents which are Bates Numbered RUPP002398-2402, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY,** are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.  In that regard, responsive documents which are Bates Numbered RUPP002388–RUPP002397, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY** under the Protective Order have already been provided.

**REQUEST NO. 4:** For each Outrigger Pulley Assembly, documents sufficient to show the first date of sale of such Outrigger Pulley Assembly.

**RESPONSE:**

Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, responsive documents which are Bates Numbered RUPP002398-2402, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY,** are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with. In that regard, responsive documents which are Bates Numbered RUPP002398–RUPP002402, **marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** under the Protective Order have already been provided.

**REQUEST NO. 5:** For each Outrigger Pulley Assembly, documents sufficient to show the first date of public disclosure of such Outrigger Pulley Assembly.

**RESPONSE:**

Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, Rupp Marine has no such documents, however, Rupp Marine catalogs, Bates Numbered RUPP002416-2445 may be thought as a substitute for this.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached

but for which no pulley is attached or sold with.  In that regard, responsive documents which are Bates Numbered RUPP002416–RUPP002445 have been provided.


**REQUEST NO. 6:** For each Outrigger Pulley Assembly sold by Rupp, including those sold with or attached to an outrigger, and from January 1, 2019, to present, documents sufficient to show, on a monthly basis, documents sufficient to show the identity of each other product or service that Rupp sold with Outrigger Pulley Assembly.

**RESPONSE:**

Rupp Marine incorporates its objections and response from Request No. 1, above.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.  Documents which also address sales of Rupp's pulley products, outriggers, and other accessories sold at the same time as its pulley products are being provided as Bates Numbers RUPP003233–RUPP003375, **marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** under the Protective Order.


**REQUEST NO. 7:** For each sale of an outrigger that Rupp sold with an Outrigger Pulley Assembly, either attached or unattached to an outrigger, and any additional product, including, but not limited to, outrigger base adapter(s), halyard line retainer(s), rigging kit(s), and release clips, from January 1, 2019 until present, documents sufficient to identify the date of such sale, the products and/or services sold, the total sales amount in US dollar value, gross and net revenue for such sale, gross and net income for such sale, and the gross and net profit margins for such sale, as computed by Rupp, and the date and location of such sale, and the Person(s) to whom such sale was made.

**RESPONSE:**

The Defendant incorporates its objection to No. 1, above, inasmuch as this Request centers on the term "Outrigger Pulley Assembly".  Furthermore, in seeking the broadest possible information about *"any . . . product"* sold with an outrigger by Rupp Marine, the Request seeks information which is not relevant to any claim or defense in this action, as permitted by Fed. R. Civ. P. 26(b)(1), or proportional to the needs of this case, imposing undue burden and expense on the Defendant in seeking to gather such broad, irrelevant information.

Outriggers are old in the art, as are the non-limiting items identified in this Request. There is presently no operative Complaint identifying an Accused Product, so the Defendant's ability to more fully address relevance and proportionality is necessarily restricted at this time.

**SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Documents are being provided as Bates Numbers RUPP002990–RUPP003233, **marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** under the Protective Order.  The documents produced identify, from January 1, 2019 until May 30, 2025, each sale of any "Outrigger Pulley Assembly", which are only the "Accused Pulleys", when also sold on the same invoice as an outrigger and any other product, and for all products on that invoice the documents reflect the sales amount, returns, cost of sales, and margin for such sales, as well as the date and location of each sale, the salesperson.

OBJECTION TO CUSTOMER IDENTIFICATION:

Rupp maintains its objection to the portion of this request seeking the identification of its customers as overbroad, irrelevant to the claims and defenses, and disproportionate to the needs of the case, and it appears only related to the potential for harassment of Rupp's customer and is likely to result in the subsequent disclosure of HIGHLY CONFIDENTIAL information directly to GEM due to the potential issuance of communications to those customers to accuse them of patent infringement as well as to issue subpoenas to the customers seeking either irrelevant and burdensome information or cumulative information that has already been produced by Rupp, or could have been requested directly from Rupp.

Rupp's sales information, necessary for GEM to address its damages theories, is already being provided which addresses all sales of "Accused Products" as requested by GEM.  The theory of infringement in this case is not based on allegations of specific customers infringing, but GEM's assertion that Rupp's products necessarily infringe and/or that Rupp is inducing all customers to infringe based on its alleged advertisements.  These are claims based on Rupp's specific intent to induce infringement or contribute to infringement.  There is no relevant information GEM can seek from Rupp's customers that GEM cannot obtain directly from Rupp and, through the production of documents in connection with this response, there is no relevant information GEM can obtain from those customers that it has not already received directly from Rupp.

10

GEM is a fierce competitor of Rupp's and GEM has indicated that it may use the HIGHLY CONFIDENTIAL identification of customers to serve third party subpoenas, as it has already done for one of Rupp's biggest customers, Viking Yachts, for which a separate motion for a protective order will be sought if GEM's subpoena is not withdrawn following Rupp's production of financial documents.

Rupp has sought agreement from GEM that customer identification will not be used in ways that would, or potentially could, irreparably harm Rupp and the business relationships it has built over the last 45+ years. GEM refuses to make any such agreement. While GEM acknowledges that there is a Protective Order in place, GEM asserts that the existing protective order, DE 31-1, adopted DE 37, does not limit GEM in its ability to serve subpoenas on those customers, necessitating the present objection and request for a protective order filed to preclude production of this information or limit how it may be used by GEM.

NEED FOR AN ADDITIONAL CASE SPECIFIC PROTECTIVE ORDER UNDER FRCP 26(c) TO PROTECT AGAINST MISUSE OF CUSTOMER INFORMATION:

One way to address this is through an additional protective order to limit or eliminate the potential harm that would be caused by GEM's counsel contacting Rupp's customers.

In *Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1991), the Court addressed a factually analogous situation. Because attempts for discovery from the defendant's customers could be a form of harassment and could jeopardize the defendant's business relationships with its customers, possibly leading to irreparable injury, the court issued a protective order that precluded the plaintiff from seeking discovery directly from customers without first coming to the court to demonstrate a specific need from the third party customers. *Id.* at 849 ("At this junction, the Court cannot ascertain whether Joy is seeking discovery from Flakt's customers in an attempt to harass them. Nonetheless, it is undisputed that Joy and Flakt are fierce competitors in the technology that is the subject of this lawsuit, and Joy has not convinced the Court that the same information it seeks from third parties is not available from Flakt. Therefore, unless Joy can demonstrate that it has a specific need for evidence available only from third party customers of Flakt, the Court concludes that Flakt and its customers are entitled to protection."); *see also Murata Mfg. Co. v. Bel Fuse, Inc.* 234 F.R.D. 175, 185-86 (N.D. Ill. 2006) (denying motion to vacate protective order because the order was issued to protect the defendant's customer relationships which could be harmed by allowing the plaintiff to seek information from the third-party customers rather than alternative sources that would not cause such harm to the defendant); *Loan Source Inc. v. Newity LLC*, Civil Action No. 22-1255-GBW, 2025 U.S. Dist. LEXIS 127348, *9–10 (D. Del. July 3, 2025) (citing *Joy Techs.* in permitting defendants to seek third party discovery of information that was not available directly from the plaintiff).

Rupp has proposed a similar type of protection to GEM and is concurrently seeking a protective order to that effect. GEM stands on its absolute right to contact Rupp's customers under Rule 45 and categorically rejects any limtiations on its right to do so. The mere issuance of subpoenas, just as it was in *Joy Techs.*, is likely to irreparably harm Rupp's customer

relationships.  Further, the issuance of subpoenas, requiring Rupp to seek intervention from the Court, has the potential to result in the disclosure of Rupp's HIGHLY CONFIDENTIAL customer list being disclosed through the serial issuance of subpoenas, requests for protective orders, hearings, and orders.

Indeed, this type of protection is underlying the existing protections of the Protective Order at DE 31-1, adopted at DE 37.  Following designation as "HIGHLY CONFIDENTIAL," information is restricted to very limited use and restrictions on those to whom it can be disclosed.  DE 31-1, §§ 5–6 (pages 4-6).  The restrictions on disclosure of information marked "HIGHLY CONFIDENTIAL" can only be made outside of those specifically limited uses "[a]bsent written permission from the Producer or further order by the Court."  *See id.* § 5(c).  Subpoena question that include allegations that a customer is an infringer, which has already occurred in the  subpoena issued to Viking Yachts, also implies the use, or potential use, of Rupp's confidential information beyond the scope of *this* litigation, a restriction included in the current protective order.

However, GEM takes the position that these restrictions do not preclude the issuance of subpoenas to Rupp's customers—even if that information has already been produced by Rupp or could be sought from Rupp.  As such, Rupp requires an additional protective order similar to what was issued in *Joy Techs.* to protect Rupp and its customers from potential irreparable harm through the misuse of Rupp's HIGHLY CONFIDENTIAL customer information.

Further, given the sheer number of Rupp's customers, GEM could conceivably issue a subpoena every day for the rest of the discovery period, requiring Rupp to file separate motions to quash and/or for a protective order for every such subpoena.  Accordingly, if the Court requires the disclosure of customer information, GEM should be restricted in its request(s) to issue any subpoena so that it must come to the Court a limited number of times, if not limited to only coming a single time, to request issuing subpoenas to Rupp's third-party customers.

Rupp has been conferring with GEM on this issue, and will continue to do so in the hope that the parties can reach an agreement as to the protection of Rupp's HIGHLY CONFIDENTIAL customer information, but is preserving its objection here and is concurrently seeking a protective order on this issue.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that can be attached to an outrigger and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.  In that regard, responsive documents which are Bates Numbered RUPP002388–RUPP002397 (**marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY**) and Bates

Numbers RUPP002990–RUPP003375 (**marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**) have already been provided.

Supplemental documents responsive to this request are being produced in connection with this response, Bates Numbered RUPP003473–RUPP003758 (**marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**).

**REQUEST NO. 8:** For each Outrigger Pulley Assembly, documents sufficient to show the name, model, and any other identifying indicia for such Outrigger Pulley Assembly.

**RESPONSE:**

Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, responsive documents have already been produced, including under documents Bates Numbered RUPP000001-37; RUPP002070-2241; RUPP002287-2361; and the documents made part of the parties' current pleadings.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with. In that regard, responsive documents which are Bates Numbered RUPP000001–RUPP000037; RUPP002070–RUPP002241; RUPP002287–RUPP002361 have already been provided.

**REQUEST NO. 9:** For each outrigger that Rupp manufactures, has manufactured, sold, offers for sale, has offered for sale, documents sufficient to show the name, model, and any other identifying indicia for such.

**RESPONSE:**

This Request is objected to as overbroad, unduly burdensome, irrelevant and unrelated to the claims and allegations in this case, and disproportionate to the needs of the case. Rupp Marine has been manufacturing and selling outriggers for over 45 years. Outriggers are prior

art to the Asserted Patents and cannot form the basis of any claim of infringement.  This request being unbounded in time places an undue burden on Rupp Marine to seek documentation regarding products that are irrelevant to the claims in this action, further, even sales of Rupp Marine's current products—which are identified in Rupp Marine's product catalog (*see* RUPP00000–RUPP000024) and on its website—are non-infringing staple articles of commerce, as clearly shown by such products coming "standard" with eyelets.

RELEVANCY:

The lack of an operative Complaint at the time of this Response leaves it unknown what products are actually accused in this action.  Plaintiff's Infringement Contentions were not served until eleven days after this Request, and they are also problematic, as pointed out on page 7 of the Order Dismissing the Complaint (ECF 35).  The Request involves wholly unrelated matter and/or activity which is not related to any of the claims and defenses in this action.  This Request constitutes nothing more than a fishing expedition.

THE REQUESTED DISCOVERY IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE:

"Proportionality 'focuses on the marginal utility of the discovery sought."  *Runton v. Brookdale Senior Living, Inc.*, No 17-60664-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 31375, at *17 (S.D. Fla. Feb. 27, 2018).  Indeed, "the pretrial [discovery] process must provide parties with efficient access to what is needed to prove a claim or defense, but **eliminate unnecessary or wasteful discovery**."  *Reuter v. Physicians Cas. Risk Retention Grp.*, No. 16-80581-CV, 2017 U.S. Dist. LEXIS 11447, at *6 (S.D. Fla. Jan 27, 2017).  Thus, under Rule 26(b)(1), "all parties and their counsel are required to size and shape their discovery requests to the requisites of a case.  *Id.*

Rule 26(b)(1) clarifies the inquiry into proportionality, articulating that the inquiry considers: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Looking to those considerations, it is clear that requiring Defendant to comprehend and respond as to this additional matter, does not relate to the parties' claims or defenses, and is disproportionate to the needs of the case, as addressed below.

1) The Importance of the Issues at Stake in the Action:

The Defendant is only generally accused of infringing the Plaintiff's Patents by the sale of conventional items employed for outrigger fishing.  So far, the Plaintiff's inability to articulate an infringing product limits the Defendant's ability to discuss this factor more fully.

2) The Amount in Controversy

35 U.S.C. § 284 allows for at least a reasonable royalty. The Plaintiff's Initial Disclosure are non-specific as to its damages.

3) The Parties' Resources

The Plaintiff and Defendant are direct competitors. The Plaintiff is much larger than the Defendant.

4) The Importance of the Discovery in Resolving the Issues

The Defendant can see no importance to the unrelated discovery sought for addressing the as yet unspecified direct or indirect infringement to be alleged.

5) The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

As noted above, the Defendant is presently unaware of the product which will be accused, however, the disputed discovery provides no benefit to the Plaintiff relevant to the action, and the expense and burden on the Defendant will significantly outweigh any benefit to the Plaintiff.

Accordingly, the Plaintiff's request is disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, documents already produced within the Bates Number range RUPP002070-2241 are responsive to this Request.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents which are Bates Numbered RUPP002070–RUPP002241 have already been provided.

**REQUEST NO. 10:** For each sale of an Outrigger Pulley Assembly, either attached or unattached to an outrigger, documents sufficient to show any other products or services sold with such Accused Product and the identification of the customer that purchased such Accused Product.

**RESPONSE:**

Rupp Marine incorporates its objections to Requests Nos. 1 and 7, above.

**SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and

following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Documents are being provided as Bates Numbers RUPP003233–RUPP003375, **marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** under the Protective Order.  The documents produced identify, from January 1, 2019 until May 30, 2025, each sale of any "Outrigger Pulley Assembly", which are only the "Accused Pulleys", when also sold on the same invoice as an outrigger and any other product, and for all products on that invoice the documents reflect the sales amount, returns, cost of sales, and margin for such sales, as well as the date and location of each sale, the salesperson.

OBJECTION TO CUSTOMER IDENTIFICATION:

Rupp maintains its objection to the portion of this request seeking the identification of its customers as overbroad, irrelevant to the claims and defenses, and disproportionate to the needs of the case, and it appears only related to the potential for harassment of Rupp's customer and is likely to result in the subsequent disclosure of HIGHLY CONFIDENTIAL information directly to GEM due to the potential issuance of communications to those customers to accuse them of patent infringement as well as to issue subpoenas to the customers seeking either irrelevant and burdensome information or cumulative information that has already been produced by Rupp, or could have been requested directly from Rupp.

Rupp's sales information, necessary for GEM to address its damages theories, is already being provided which addresses all sales of "Accused Products" as requested by GEM.  The theory of infringement in this case is not based on allegations of specific customers infringing, but GEM's assertion that Rupp's products necessarily infringe and/or that Rupp is inducing all customers to infringe based on its alleged advertisements.  These are claims based on Rupp's specific intent to induce infringement or contribute to infringement.   There is no relevant information GEM can seek from Rupp's customers that GEM cannot obtain directly from Rupp and, through the production of documents in connection with this response, there is no relevant information GEM can obtain from those customers that it has not already received directly from Rupp.

GEM is a fierce competitor of Rupp's and GEM has indicated that it may use the HIGHLY CONFIDENTIAL identification of customers to serve third party subpoenas, as it has already done for one of Rupp's biggest customers, Viking Yachts, for which a separate motion for a protective order will be sought if GEM's subpoena is not withdrawn following Rupp's production of financial documents.

Rupp has sought agreement from GEM that customer identification will not be used in ways that would, or potentially could, irreparably harm Rupp and the business relationships it has built over the last 45+ years.  GEM refuses to make any such agreement. While GEM acknowledges that there is a Protective Order in place, GEM asserts that the

existing protective order, DE 31-1, adopted DE 37, does not limit GEM in its ability to serve subpoenas on those customers, necessitating the present objection and request for a protective order filed to preclude production of this information or limit how it may be used by GEM.

NEED FOR AN ADDITIONAL CASE SPECIFIC PROTECTIVE ORDER UNDER FRCP 26(c) TO PROTECT AGAINST MISUSE OF CUSTOMER INFORMATION:

One way to address this is through an additional protective order to limit or eliminate the potential harm that would be caused by GEM's counsel contacting Rupp's customers.

In *Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1991), the Court addressed a factually analogous situation. Because attempts for discovery from the defendant's customers could be a form of harassment and could jeopardize the defendant's business relationships with its customers, possibly leading to irreparable injury, the court issued a protective order that precluded the plaintiff from seeking discovery directly from customers without first coming to the court to demonstrate a specific need from the third party customers. *Id.* at 849 ("At this junction, the Court cannot ascertain whether Joy is seeking discovery from Flakt's customers in an attempt to harass them. Nonetheless, it is undisputed that Joy and Flakt are fierce competitors in the technology that is the subject of this lawsuit, and Joy has not convinced the Court that the same information it seeks from third parties is not available from Flakt. Therefore, unless Joy can demonstrate that it has a specific need for evidence available only from third party customers of Flakt, the Court concludes that Flakt and its customers are entitled to protection."); *see also Murata Mfg. Co. v. Bel Fuse, Inc.* 234 F.R.D. 175, 185-86 (N.D. Ill. 2006) (denying motion to vacate protective order because the order was issued to protect the defendant's customer relationships which could be harmed by allowing the plaintiff to seek information from the third-party customers rather than alternative sources that would not cause such harm to the defendant); *Loan Source Inc. v. Newity LLC*, Civil Action No. 22-1255-GBW, 2025 U.S. Dist. LEXIS 127348, *9–10 (D. Del. July 3, 2025) (citing *Joy Techs.* in permitting defendants to seek third party discovery of information that was not available directly from the plaintiff).

Rupp has proposed a similar type of protection to GEM and is concurrently seeking a protective order to that effect. GEM stands on its absolute right to contact Rupp's customers under Rule 45 and categorically rejects any limtiations on its right to do so. The mere issuance of subpoenas, just as it was in *Joy Techs.*, is likely to irreparably harm Rupp's customer relationships. Further, the issuance of subpoenas, requiring Rupp to seek intervention from the Court, has the potential to result in the disclosure of Rupp's HIGHLY CONFIDENTIAL customer list being disclosed through the serial issuance of subpoenas, requests for protective orders, hearings, and orders.

Indeed, this type of protection is underlying the existing protections of the Protective Order at DE 31-1, adopted at DE 37. Following designation as "HIGHLY CONFIDENTIAL," information is restricted to very limited use and restrictions on those to whom it can be disclosed. DE 31-1, §§ 5–6 (pages 4-6). The restrictions on disclosure of information marked "HIGHLY CONFIDENTIAL" can only be made outside of those

specifically limited uses "[a]bsent written permission from the Producer or further order by the Court." *See id.* § 5(c). Subpoena question that include allegations that a customer is an infringer, which has already occurred in the subpoena issued to Viking Yachts, also implies the use, or potential use, of Rupp's confidential information beyond the scope of *this* litigation, a restriction included in the current protective order.

However, GEM takes the position that these restrictions do not preclude the issuance of subpoenas to Rupp's customers—even if that information has already been produced by Rupp or could be sought from Rupp. As such, Rupp requires an additional protective order similar to what was issued in *Joy Techs.* to protect Rupp and its customers from potential irreparable harm through the misuse of Rupp's HIGHLY CONFIDENTIAL customer information.

Further, given the sheer number of Rupp's customers, GEM could conceivably issue a subpoena every day for the rest of the discovery period, requiring Rupp to file separate motions to quash and/or for a protective order for every such subpoena. Accordingly, if the Court requires the disclosure of customer information, GEM should be restricted in its request(s) to issue any subpoena so that it must come to the Court a limited number of times, if not limited to only coming a single time, to request issuing subpoenas to Rupp's third-party customers.

Rupp has been conferring with GEM on this issue, and will continue to do so in the hope that the parties can reach an agreement as to the protection of Rupp's HIGHLY CONFIDENTIAL customer information, but is preserving its objection here and is concurrently seeking a protective order on this issue.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that can be attached to an outrigger and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with. In that regard, responsive documents which are Bates Numbered RUPP002388–RUPP002397 (**marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY**) and Bates Numbers RUPP002990–RUPP003375 (**marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**) have already been provided.

Supplemental documents responsive to this request are being produced in connection with this response, Bates Numbered RUPP003473–RUPP003758 (**marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**).

**REQUEST NO. 11:** All documents that You contend demonstrate an attempt to redesign or modify of any Rupp's Products in an attempt to avoid infringement of any claims of the Asserted Patents.

**RESPONSE:**

No such documents exist, as no need to redesign or modify in an attempt to avoid infringement of the Asserted Patents has ever existed.

**SUPPLEMENTAL RESPONSE:**

Rupp has not contended that it attempted to redesign or modify its products in an attempt to avoid infringement and therefore does not possess documents showing an attempt to redesign or avoid infringement, as addressed in the Declaration of Ron Karpanty provided in connection with these responses.

The design files for all of Rupp's products have been produced as Bates Numbers RUPP002070–RUPP002241 and RUPP002403–RUPP002404, as well as RUPP002405–RUPP2406 marked **CONFIDENTIAL** under the Protective Order.  Rupp's 2012 product price list, which depicts the "pulley cluster" products (CA-0144, CA-0145, CA-0146) has already been provided as Bates Numbers RUPP002416–RUPP002445.

**REQUEST NO. 12:** For each of the Asserted Claims, all documents that You contend support the earliest priority date that such Asserted Claim is entitled.

**RESPONSE:**

The definition of "Asserted Claims" makes this request unanswerable to the extent that no Amended Complaint accusing specific products has yet been served.  The "Asserted Patents" and their entire prosecution history constitutes the documents establishing the respective filing dates for each of the claims of the Asserted Patents, as has already been detailed and provided in Rupp Marine's Counterclaims and Motion for Judgment on the Pleadings.

**SUPPLEMENTAL RESPONSE:**

The "Asserted Patents" and their entire prosecution history constitutes the documents establishing the respective filing dates for each of the claims of the Asserted Patents, as has already been detailed and provided in Rupp Marine's Counterclaims and Motion for Judgment on the Pleadings.  Copies of those documents have also been provided as attachments to the pleadings and also were previously provided as Bates Numbers RUPP000054–RUPP001550.

**REQUEST NO. 13:** All documents that You contend support the basis that the US Patent Office decided that the subject matter of the "cord management units" having a "fixed angular orientation relative to the outrigger structure" was not supported by the '632 Patent, as set forth in Paragraph 52 or Your Answer.

**RESPONSE:**

The '632 patent and its prosecution history and the reexam file wrapper for the '632 Patent.  These are already possessed by the Plaintiff.

**SUPPLEMENTAL RESPONSE:**

The '632 patent and its prosecution history and the reexam file wrapper for the '632 Patent.  These are already possessed by the Plaintiff.  Copies of those documents have also been provided as attachments to the pleadings and also were previously provided as Bates Numbers RUPP000054–RUPP000333 and RUPP000668–RUPP000887.   Without limiting the important of the entire documents, the USPTO reexamination panel's determination that the "fixed angular orientation relative to the outrigger structure was not supported by the disclosure" of the '632 patent can located within the reexamination file wrapper in the Office Action contained on pages RUPP000694–RUPP000698 of the '594 reexamination file wrapper, and the patentee's acquiescence to that determination and withdrawal of such subject matter can also be located within the file wrapper at pages RUPP000699–RUPP000752.

**REQUEST NO. 14:** All documents that You contend support the basis that the phrase "fixed angular orientation relative to the outrigger structure" in the Asserted Claims is not supported by the disclosures in any of the Asserted Patents.

**RESPONSE:**

Rupp Marine incorporates its response to Request No. 13, above.

**SUPPLEMENTAL RESPONSE:**

The '632 patent and its prosecution history and the reexam file wrapper for the '632 Patent.  These are already possessed by the Plaintiff.  Copies of those documents have also been provided as attachments to the pleadings and also were previously provided as Bates Numbers RUPP000054–RUPP000333 and RUPP000668–RUPP000887.   Without limiting the important of the entire documents, the USPTO reexamination panel's determination that the "fixed angular orientation relative to the outrigger structure was not supported by the disclosure" of the '632 patent can located within the reexamination file wrapper in the Office Action contained on pages RUPP000694–RUPP000698 of the '594 reexamination file wrapper, and the patentee's acquiescence to that determination and withdrawal of such subject matter can also be located within the file wrapper at pages RUPP000699–RUPP000752.

Each of the Asserted Patents and their prosecution histories are also responsive to this request and have already been produced in multiple formats, including as Bates Numbers RUPP000334–RUPP001556.

**REQUEST NO. 15:** All documents identified in Your Initial Disclosures under FRCP 26(a), or any other required disclosures under the Local Rules and Standing Orders for the Southern District of Florida, or used, relied on, or considered by You in drafting such disclosures.

**RESPONSE:**

Plaintiff presently has possession of the documents identified in Defendant's Initial Disclosure from exhibits to its Counterclaims and Contentions served on May 12, 2025. Following the filing of any Amended Complaint, Rupp Marine will determine whether relevant supplemental documents exist for supplementing this Response.

**REQUEST NO. 16:** All documents identified in Your Answer, or which You used, relied on, or considered in drafting Your Answer, including or forming the basis for any contention or affirmative defense contained in Your Answer.

**RESPONSE:**

There is presently no Answer to an Amended Complaint due to be filed on May 19, 2025.

This request is objected to on the basis of Attorney-Client Privilege and/or the Attorney Work-Product doctrine, as confidential attorney-client communications would be considered or relied upon in preparing the Answer, and attorney work-product would be generated in creating the Answer.

Subject to and without waiving the foregoing objection, non-privileged responsive documents identified in Rupp Marine's Answer, including those used, or relied on, will be provided through a supplemental response, after the Answer is served.

**SUPPLEMENTAL RESPONSE:**

The Defendant has currently provided documents Bates Numbered RUPP000001-2286; and also refers to DE #46-10 and 46-11, which were attached to the Defendant's Answer and Counterclaims to the First Amended Complaint.

**REQUEST NO. 17:** All documents identified in Your Counterclaims, or which You used, relied on, or considered in drafting Your Counterclaims, including all documents

relating to or forming the basis for any contention contained in any counterclaim set forth in Your Counterclaims.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to or forming the basis for any contention contained in any counterclaim", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

This request is also objected to on the basis of Attorney-Client Privilege and/or Attorney Work-Product doctrine, as confidential attorney-client communications were relied upon in preparing the Answer and Counterclaims, and attorney work-product was generated in creating the Answer and Counterclaims.

Subject to and without waiving the foregoing objection, the Defendant will provide responsive documents in its possession, custody or control, constituting documents identified in Rupp Marine's Answer and Counterclaims, including those used, relied on, or considered in drafting them, on or before May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

The Defendant has provided the documents which are Bates Numbered RUPP002070--2241; and RUPP002382-2387.  Reference is also made to production provided with Rupp Marine's Requests for Admissions, Preliminary Contentions, and responsive pleading.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents Bates Numbered RUPP000001–RUPP002445 have already been provided, as well as DE 46-10 and DE 46-11. The original counterclaims, DE 12, are also responsive to this request.

**REQUEST NO. 18:** All documents identified in Your responses to any interrogatories or requests for admission in this Lawsuit, or used, relied on, or considered by You in drafting Your responses to interrogatories or requests for admission in this Lawsuit.

**RESPONSE:**

This Request is objected to inasmuch as the term "considered" is vague, not relevant to any claim or defense, disproportionate to the needs of the case, and unduly burdensome. The use of "considered" in addition to those actually "used" or "relied on", means that "considered" only adds documents that were **not** used or relied on, which means documents that were deemed irrelevant or searched through in order to find any relevant documents. Producing any documents "considered" but not "used" or "relied on" is irrelevant to the issues of the case, unduly burdensome and vague because there is no level of "consideration" required to fall within this category.

Documents that may or may not have been "considered," but which were not "used" or "relied on" in drafting responses will not be provided. To the extent that any documents were used or relied upon in Rupp Marine's responses to interrogatories or requests for admissions, such documents will be provided.

This request is also objected to on the basis of Attorney-Client Privilege and/or Attorney Work-Product Privilege, as confidential attorney-client communications were (and will be) relied upon in preparing the responses, and attorney work-product was (and will be) generated in that endeavor.

**SUPPLEMENTAL RESPONSE:**

This Request is objected to inasmuch as the term "considered" is vague, not relevant to any claim or defense, disproportionate to the needs of the case, and unduly burdensome. The use of "considered" in addition to those actually "used" or "relied on", means that "considered" only adds documents that were **not** used or relied on, which means documents that were deemed irrelevant or searched through in order to find any relevant documents. Producing any documents "considered" but not "used" or "relied on" is irrelevant to the issues of the case, unduly burdensome and vague because there is no level of "consideration" required to fall within this category.

Documents that may or may not have been "considered," but which were not "used" or "relied on" in drafting responses will not be provided. To the extent that any documents were used or relied upon in Rupp Marine's responses to interrogatories or requests for admissions, those documents are identified in the specific Interrogatory responses. No

admissions have yet been sought by GEM, this response will be updated to address those documents as necessary.  In responding to interrogatories, Rupp and/or its counsel has reviewed all documents that are in its current production, which are Bates Numbers RUPP000001–RUPP003448, as well as its pleading and briefing on motions for judgment on the pleadings (both motions), and both parties' infringement/non-infringement and invalidity/response to invalidity contentions.

This request is also objected to on the basis of Attorney-Client Privilege and/or Attorney Work-Product Privilege, as confidential attorney-client communications were (and will be) relied upon in preparing the responses, and attorney work-product was (and will be) generated in that endeavor.

**REQUEST NO. 19:** All documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this Lawsuit.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy", under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

This request is also objected to on the basis of Attorney-Client Privilege and/or Attorney Work-Product doctrine, as confidential attorney-client communications occurred and attorney work-product was generated in the process of analyzing the claims and defenses.

Non-privileged documents relied upon to support or refute any claims or defenses are already made the subject of disclosure under the Federal Rules of Civil Procedure.

**SUPPLEMENTAL RESPONSE:**

This request is also objected to on the basis of Attorney-Client Privilege and/or Attorney Work-Product Privilege, as confidential attorney-client communications were (and will be) relied upon in preparing the responses, and attorney work-product was (and will be) generated in that endeavor.  Privileged documents are not being provided and because they were created after September 25, 2024, no privilege log is required for them.

Non-privileged documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this Lawsuit have been provided as Bates Numbers RUPP000001–RUPP002245, or have been received as GEM0000001–GEM0004916; additional responsive documents are being provided with this response as Bates Numbers RUPP002246–RUPP003413.

**REQUEST NO. 20:** All documents or communications relating to the Asserted Patents, including all documents that reference or discuss any of the Asserted Patents in any way.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents or communications relating to the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests

worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

This request is also objected to on the basis of Attorney-Client Privilege as confidential attorney-client communications occurred that discuss or relate to the Asserted Patents. A privilege log will be provided for such communications that occurred prior to September 25, 2024.

**SUPPLEMENTAL RESPONSE:**

This request is also objected to on the basis of Attorney-Client Privilege and/or Attorney Work-Product Privilege, as confidential attorney-client communications were (and will be) relied upon in preparing the responses, and attorney work-product was (and will be) generated in that endeavor. Privileged documents are not being provided. A privilege log has been provided for communications prior to September 25, 2024, no privilege log is required for communications after September 25, 2024.

Non-privileged documents related to the Asserted Patents have been provided as RUPP002362–RUPP002375 marked **Confidential** under the Protective Order. Additional documents related to the Asserted Patents have already been produced as RUPP000054–RUPP001556. Given the breadth of "All documents . . . relating to the Asserted Patents", this also sweeps in every document produced in discovery by both parties, all document filed in this action or served by either party pursuant to the Scheduling Order as they are all related to this litigation and, therefore, are "documents . . . relating to the Asserted Patents."

**REQUEST NO. 21:** All documents relating to opinions, evaluations, analyses, reverse engineering reports, or design-around analyses, opinions, or reports, whether written or oral, that You requested, received, or are aware of relating to any of the Asserted Patents.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to opinions, evaluations . . . whether oral or written . . . relating to any of the Asserted Patents", under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote

fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

### SUPPLEMENTAL RESPONSE:

Subject to, and without waiving the foregoing objections, except for privileged communications with patent counsel, no such documents exist.

### SECOND SUPPLEMENTAL RESPONSE:

Except for privileged communications with patent counsel and attorney work product, no such documents exist, as addressed in the Declaration of Ron Karpanty provided in connection with these responses.  Such communications occurred, and such documents were created by counsel, after the September 25, 2024 letter from GEM's counsel and therefore no privilege log is required.

**REQUEST NO. 22:** All documents relating to opinions, evaluations, analyses, reverse engineering reports, or design-around analyses, opinions, or reports, whether written or oral, that You employed, investigated, or used, in an attempt to avoid infringing such Asserted Claim, including, but not limited to, the decision to sell Outrigger Pulley Assembly products not attached to outriggers.

### RESPONSE:

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to opinions, evaluations . . . whether oral or written . . . including, but not limited to, the decision to sell Outrigger Pulley Assembly products not attached to outriggers", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request

for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, with the exception of privileged communications with patent counsel, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Rupp maintains its privilege objection to its communications with counsel related to its outrigger pulley products and has already provided a privilege log for all such communications prior to September 25, 2024.

Rupp has not employed, investigated, or used any opinions, evaluations, analyses, reverse engineering reports, or design-around analyses, opinions, or reports in an attempt to avoid infringing any claim of the Asserted Patents, as addressed in the Declaration of Ron Karpanty provided in connection with these responses.

Rupp's design files for its products have already been produced as Bates Numbers RUPP002070–RUPP002241, RUPP002403–RUPP002404 and RUPP002405–RUPP002406 (marked **Confidential**), which shows that each product is separate and discrete. Rupp has produced its 2012 price list as Bates Numbers RUPP002416–RUPP002445 which shows that

Rupp's products were sold separately *before* the '632 patent, or its application, was made publicly available.

**REQUEST NO. 23:** All communications with any Third Party relating to any of the Asserted Patents, including opinions or analyses relating to infringement or noninfringement, invalidity to validity, enforceability or unenforceability, scope, or ownership.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all communications . . . relating to any of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving this objection, Rupp Marine has produced the document Bates Numbered RUPP002362.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents constituting communications with third parties related to any of the Asserted Patents have already been provided as RUPP002287–RUPP002375, marked **Confidential** under the Protective Order.

**REQUEST NO. 24:** All communications with Craig Mercier relating to any of the Asserted Patents.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to Craig Mercier and any of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Without waiving this objection, the Defendant will provide non-privileged responsive documents in its possession, custody or control, constituting communications between Defendant and Craig Mercier discussing or referencing any of the Asserted Patents, on or before May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objection, Rupp Marine has produced the documents Bates Numbered RUPP002287-2361 as responsive to this Request.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents have already been provided as RUPP002287–RUPP002361, marked **Confidential** under the Protective Order.

**REQUEST NO. 25:** All documents relating to Craig Mercier and any of the Asserted Patents.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to Craig Mercier and any of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Without waiving this objection, the Defendant will provide non-privileged responsive documents in its possession, custody or control, constituting communications or documents exchanged by Defendant and Craig Mercier discussing or referencing any of the Asserted Patents, on or before May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, Rupp Marine has produced the documents Bates Numbered RUPP002362-2375 as responsive to this Request.

**SECOND SUPPLEMENTAL RESPONSE:**

Rupp maintains its privilege objection for its communications with its counsel, for which a privilege log was provided.  Non-privileged responsive documents have already been provided as RUPP002287–RUPP002375, marked **Confidential** under the Protective Order.

**REQUEST NO. 26:** All communications with Viking Yachts or Palm Beach Towers relating to any relating to any of the Asserted Patents.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to Craig Mercier and any of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Subject to and without waiving the foregoing objection, no such documents between Defendant and Viking Yachts or Palm Beach Towers discussing or referencing the Asserted Patents exist.

**SUPPLEMENTAL RESPONSE:**

No such documents exist, as addressed in the Declaration of Ron Karpanty provided in connection with these responses.

**REQUEST NO. 27:** All communications with Viking Yachts or Palm Beach Towers relating to Your belief that the any Outrigger Pulley Assembly would not cause infringement of any claim of any of the Asserted Patents.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" in this Request, Rupp Marine incorporates its objections from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving this objection, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty provided in connection with these responses.

**REQUEST NO. 28:** All communications with Viking Yachts or Palm Beach Towers relating to Your belief that selling or offering to sell an Outrigger Pulley Assembly separate and apart from outriggers would avoid infringement of any of the claims of any of the Asserted Patents.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" in this Request, Rupp Marine incorporates its objections from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving this objection, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty provided in connection with these responses.

**REQUEST NO. 29:** All documents relating to any Prior Art collected, identified, or considered in relation to the Asserted Patents, including existing English translations of any foreign patent or publication, and including all such Prior Art.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any Prior Art", under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Subject to the foregoing objection, the Defendant will provide non-privileged responsive documents in its possession, custody or control, of prior art documents reviewed in connection with determining the invalidity of the Asserted Patents, on or before May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

The Defendant has provided the documents Bates Numbered RUPP002382-2387. Reference is also made to production provided with Rupp Marine's Requests for Admissions, Preliminary Contentions, and responsive pleading.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents have already been provided as Bates Numbers RUPP000047–RUPP001550, RUPP001557–RUPP002069, RUPP002242–RUPP2286, RUPP002382–RUPP002387, RUPP2407–RUPP002445.

**REQUEST NO. 30:** All documents relating to Prior Art that You contend forms a basis of invalidating any Asserted Claim, whether under 35 USC § 102 or 35 USC § 103.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any Prior Art . . . form[ing] a basis for invalidating any Asserted Claim", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Subject to the foregoing objection, the Defendant will provide non-privileged responsive documents in its possession, custody or control of prior art documents Rupp reviewed in connection with determining the invalidity of the Asserted Patents, on or before May 28, 2025.

Discovery is ongoing and this response will be supplemented when/if new invalidity evidence is uncovered.

**SUPPLEMENTAL RESPONSE:**

The Defendant has provided the documents Bates Numbered RUPP002382-2387. Reference is also made to production provided with Rupp Marine's Requests for Admissions, Preliminary Contentions, and responsive pleading.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents have already been provided as Bates Numbers RUPP000047–RUPP001550, RUPP001557–RUPP002069, RUPP002242–RUPP2286, RUPP002382–RUPP002387, RUPP2407–RUPP002445.

**REQUEST NO. 31:** All documents relating to the Request for *Ex Parte* Reexamination of U.S. Patent No. 8,656,632 filed by You with the US Patent and Trademark Office on September 23, 2015.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the Request for *Ex Parte* Reexamination" of the '632 patent, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (quoting *Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Subject to the foregoing objection, the Defendant will provide non-privileged responsive documents in its possession, custody or control, used in the *ex parte* reexamination of the '632 patent, on or before May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

The Defendant has provided the documents Bates Numbered RUPP000668-887.

**SECOND SUPPLEMENTAL RESPONSE:**

Non-privileged responsive documents have already been provided as Bates Numbers RUPP000668–RUPP000887.  Rupp maintains its objection to privileged communications with its counsel and has already provided a privilege log for such communications.

**REQUEST NO. 32:** All communications between You and Craig Mercier.

**RESPONSE:**

Such documents will be provided by May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

Rupp Marine has produced document Bates Numbered RUPP 002287-002361 as responsive to this Request.

**REQUEST NO. 33:** All documents relating to any evidence of the obviousness or non-obviousness of any subject matter claimed in any claim of the Asserted Patents.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any evidence of obviousness or non-obviousness" of any claim in the Asserted Patents, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for

production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Subject to the foregoing objection, documents constituting evidence of obviousness of the Asserted Patents, the Defendant will provide responsive documents in its possession, custody or control, on or before May 28, 2025.

Discovery is ongoing and this response will be supplemented when/if new invalidity evidence is uncovered.

**SUPPLEMENTAL RESPONSE:**

The Defendant has provided the documents Bates Numbered RUPP002382-2387. Reference is also made to production provided with Rupp Marine's Requests for Admissions, Preliminary Contentions, and responsive pleading.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents have already been provided as Bates Numbers RUPP000047–RUPP001550, RUPP001557–RUPP002069, RUPP002242–RUPP2286, RUPP002382–RUPP002387, RUPP2407–RUPP002445. Additional responsive documents are being provided as Bates Numbers RUPP003399–RUPP003413.

**REQUEST NO. 34:** All documents relating to whether or why any Outrigger Pulley Assembly may or may not cause infringement of any of the Asserted Claims.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to whether or why any Outrigger Pulley Assembly may or may not cause infringement of any of the Asserted Claims", under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in

some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

There is presently no operative Complaint in this action, and Plaintiff's Infringement Contentions were served eleven days after this Request was served.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. On June 10, 2025, the Defendant produced documents Bates Numbered RUPP002403-2406; reference is also made to the document produced by the Plaintiff, Bates Numbered GEM0003830; reference is also made to the document filed on the Court Docket as DE #46-10; reference is also made to the Defendant's Counterclaims for Declaratory Judgment of Non-Infringement, including its Exhibits and referenced documents.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have already been provided as Bates Numbers RUPP000047–RUPP001550, RUPP001557–RUPP002069, RUPP002242–RUPP2286, RUPP002382–RUPP002387, RUPP2407–RUPP002445.

**REQUEST NO. 35:** All documents relating to Your first awareness of the Asserted Patents, including documents evidencing when such awareness occurred, the source of such information, documents identifying the Person(s) who received the information.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" Rupp Marine's "first awareness" of the Asserted Patents, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Subject to the foregoing objection, non-privileged responsive documents in Defendant's possession, custody or control documents sufficient to show Rupp Marine's "first awareness" of the Asserted Patents will be provided on or before May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

Rupp Marine has produced document Bates Numbered RUPP 002362-002375 as responsive to this Request.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents have already been provided as Bates Numbers RUPP002362–RUPP002375.

**REQUEST NO. 36:** All documents relating to any actions You took in response to Your awareness of the Asserted Patents, including analysis of such Asserted Patents or implementing any design changes to any Outrigger Pulley Assembly product.

<u>**RESPONSE:**</u>

<u>"All Documents Relating To" Objection</u>: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any actions" taken "in response to" Rupp Marine's "first awareness of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

<u>"Outrigger Pulley Assembly" Objection</u>: With respect to the use of "Outrigger Pulley Assembly" in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

<u>**SUPPLEMENTAL RESPONSE:**</u>

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, with the exception of privileged communications with patent counsel, no such documents exist.

<u>**SECOND SUPPLEMENTAL RESPONSE:**</u>

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and

following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Rupp objects to this request as calling for production of privileged communications with its counsel, for which a privilege log has already been produced for communications prior to September 25, 2024, and for which a privilege log is not required for such communications and analyses after September 25, 2024.

Non-privileged responsive documents Bates Numbered RUPP000668–RUPP000887 have already been provided, which is the ex parte reexamination of the '632 patent and includes the petition filed by Rupp Marine (pages RUPP000810–RUPP000887).  No other non-privileged documents exist.


**REQUEST NO. 37:** All documents relating to the meaning or scope of the Asserted Claims in the Asserted Patents, including any documents on which You may rely to support any construction or interpretation of any claim limitation.

**<u>RESPONSE:</u>**

<u>"All Documents Relating To" Objection</u>:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the meaning or scope of the Asserted Claims in the Asserted Patents" taken "in response to" Rupp Marine's "first awareness of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995)

(explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

By the very definition of this Request, it goes beyond any document Rupp Marine "may" use to support a claim construction position.  Moreover, claim construction is a question of law based on the understanding of the words in the patent and prosecution history and the knowledge of a person of ordinary skill in the art.  As such, the "relating to" nature makes this request encompass any document that has any connection to mechanical devices and/or engineering, as such documents inform the general knowledge of Rupp Marine's employees and its counsel.

**SUPPLEMENTAL RESPONSE:**

Responsive Documents Bates Numbered RUPP000054–RUPP001550 (i.e., the patents and their entire prosecution histories) have already been provided which support our proposed constructions of the claim limitations for the Asserted Patents.  Rupp has not relied on extrinsic evidence to support its claim construction positions (and neither has GEM).

**REQUEST NO. 38:** All documents that You contend support Your basis of the state of art and a person with ordinary skill in the art, that existed on March 18, 2010, including, without limitation, the field of art and a description of the specific qualifications (e.g., level of technical knowledge, schooling, experience, training, and expertise) that you contend such person of ordinary skill in such art must have.

**RESPONSE:**

Discovery is ongoing, and the Defendant will provide such disclosure/documents at the appropriate time required under the Federal Rules of Civil Procedure or Orders of this Court.  It is not aware of possessing such specified documents at this time.

**SUPPLEMENTAL RESPONSE:**

Responsive Documents Bates Numbered RUPP000047–RUPP001550, RUPP001557–RUPP002069, RUPP002242–RUPP02286, RUPP002382–RUPP002387 have already been provided which support our basis for the level of skill in the art.

Discovery is ongoing, and the Defendant will provide additional such disclosure/documents at the appropriate time required under the Federal Rules of Civil Procedure or Orders of this Court.

**REQUEST NO. 39:** All documents relating to the features and conception, design, development, engineering, materials sourcing, manufacturing processes, marketing, development, functionality, or testing of any Outrigger Pulley Assembly, including

specifications, requirement documents, schematics, drawings, guides, layouts, and notebook entries.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to feature, conception, design, development, etc." of imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, responsive documents which are Bates Numbered RUPP002403-2406 are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and

following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have already been produced as Bates Numbered RUPP002403–RUPP002406.

**REQUEST NO. 40:** All documents relating to instructions on use of Outrigger Pulley Assemblies, including manuals, how-to, or instructions, or how end users use such Outrigger Pulley Assembly.

<u>**RESPONSE:**</u>

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to instructions on use" of imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents 'relating to' a subject is usually subject to criticism as overbroad since . . . all documents 'relate' to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

<u>**SUPPLEMENTAL RESPONSE:**</u>

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, except for Rupp Marine's website (already possessed by the Plaintiff), no other documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.


**REQUEST NO. 41:** Documents sufficient to identify each instance that You used or tested an Outrigger Pulley Assembly that was attached, whether permanently or releasably, to an outrigger that was installed on a boat and rigged with at least two outrigger cords or halyard lines, release clips, and fishing lines, or otherwise rigged in accordance with any of the Outrigger Diagrams set forth on Rupp's website (https://ruppmarin.com/pages/outrigger-riggin-diagrams), including the date(s) of each such use and Person(s) present during each such use.

**RESPONSE:**

With respect to the use of "Outrigger Pulley Assembly" in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp

understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 42:** All documents relating to any advantages or disadvantages of any feature or functionality of the design of any Outrigger Pulley Assembly, including documents relating to any features that drive consumer demand for any Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any advantages or disadvantages of any feature or functionality of the design of" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

47

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 43:** Documents sufficient to describe the process You undertake in designing and bringing a new product to market, from conception of the product through sale of the product, including but not limited to, any Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

This Request is further objected to as vague and ambiguous, overbroad, irrelevant, unrelated to the claims and defenses at issue, and disproportionate to the needs of the case. Rupp Marine's process for developing products is not at issue in this action. This is a patent-infringement and patent-invalidity case; Rupp Marine's design and development of new products is not at issue. This request reflects the bad faith nature of this case, showing that a competitor filed a frivolous patent-infringement action for the separate purpose of attempting to gain confidential information about Rupp Marine.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 44:** All documents relating to all designs that were considered or contemplated for any Outrigger Pulley Assembly, including all documents relating to the decision to abandon or otherwise forego such alternative designs in favor of the final design for any Outrigger Pulley Assembly.

<u>**RESPONSE:**</u>

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to designs that were considered or contemplated for" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate to" all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan.

17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents of the design files for the products Rupp has made have already been provided as Bates Numbers RUPP002070–RUPP00241, RUPP002403–RUPP002404, as well as RUPP002405–RUPP002406 (marked **Confidential**).  Additional documents are being produced as RUPP003378-RUPP003385.  Rupp does not have design files for products it did not make.

**REQUEST NO. 45:** All documents relating to any opinions, evaluations, analyses, reverse engineering reports, or design-around analyses, opinions or reports relating to any Asserted Patent or Outrigger Pulley Assembly.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" opinions, etc. "relating to any Asserted Patent or Outrigger Pulley Assembly," i.e., an imaginary product, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually

subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 46:** All documents relating to each Outrigger Pulley Assembly that You make, have made, use, have used, sell, have sold, offer for sale, have offered for sale, import, or have imported into the United States, or any individual components included therein, including any analyses, comparisons, testing, reviews, consumer surveys, or the like.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents about Rupp's pulleys have been provided as Bates Numbers RUPP000001–RUPP000024, RUPP002188–RUPP002190, RUPP002194, RUPP002403–RUPP002404, RUPP002416–RUPP002445; as well as **Confidential** documents Bates Numbers RUPP002405–RUPP002406.

Additional responsive documents are being produces as Bates Numbers RUPP00003378–RUPP003395 and RUPP003399–RUPP003402.

**HIGHLY CONFIDENTIAL – Attorneys Eyes Only** responsive documents have also been produced as RUPP002388–RUPP002402, and additional **HIGHLY CONFIDENTIAL – Attorneys Eyes Only** responsive documents are being produced as Bates Numbers RUPP002990–RUPP003375.

No documents exist regarding any analyses, comparisons, testing, reviews, consumer surveys, or the like, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 47:** All documents relating to any analyses You performed or had performed regarding each Outrigger Pulley Assembly that You make, have made, use, have used, sell, have sold, offer for sale, have offered for sale, import, or have imported into the United, including but not limited to the Accused Products.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp.

53

35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

As of the time of this Response, there is no "Accused Product(s)", as there is no operative Complaint identifying Accused Products.  Furthermore, the Infringement Contentions, served eleven days after the service of this Request, have shown themselves to be problematic, as referenced by the Court on page 7 of its Order Dismissing the Complaint (ECF 35).

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 48:** All documents relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on Your behalf, relating to the design of an Outrigger Pulley Assembly, or any individual components thereof, or that cites any of the Asserted Patents.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

<u>"All Documents Relating To" Objection</u>: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any patent, invention disclosure, or patent application . . . relating to the design of" imaginary products or components thereof, or that cites the Asserted Patents, which would still be improper if such products were actually identified by Plaintiff, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, responsive documents which are Bates Numbered RUPP002407-2415 are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

As best as this request is understood, documents already produced as Bates Numbers RUPP002407–RUPP002415 may be responsive to this request.

**REQUEST NO. 49:** All documents relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on Your behalf, relating to the design of an outrigger, or any individual components thereof, or that cites the any of the Asserted Patents.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any patent, invention disclosure, or patent application . . . relating to the design of an outrigger, or any individual components thereof, or that cites the any [*sic*] of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

RELEVANCY:

The lack of an operative Complaint at the time of this Response leaves it unknown what products are actually accused in this action.  Plaintiff's Infringement Contentions were not served until eleven days after this Request, and they are also problematic, as pointed out on page 7 of the Order Dismissing the Complaint (ECF 35).  The Request involves wholly unrelated matter and/or activity which is not related to any of the claims and defenses in this action.  This Request constitutes nothing more than a fishing expedition.

THE REQUESTED DISCOVERY IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE:

"Proportionality 'focuses on the marginal utility of the discovery sought." *Runton v. Brookdale Senior Living, Inc.*, No 17-60664-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 31375, at *17 (S.D. Fla. Feb. 27, 2018). Indeed, "the pretrial [discovery] process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Reuter v. Physicians Cas. Risk Retention Grp.*, No. 16-80581-CV, 2017 U.S. Dist. LEXIS 11447, at *6 (S.D. Fla. Jan 27, 2017). Thus, under Rule 26(b)(1), "all parties and their counsel are required to size and shape their discovery requests to the requisites of a case. *Id.*

Rule 26(b)(1) clarifies the inquiry into proportionality, articulating that the inquiry considers: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Looking to those considerations, it is clear that requiring Defendant to comprehend and respond as to this additional matter, does not relate to the parties' claims or defenses, and is disproportionate to the needs of the case, as addressed below.

1) The Importance of the Issues at Stake in the Action:

The Defendant is only generally accused of infringing the Plaintiff's Patents by the sale of conventional items employed for outrigger fishing. So far, the Plaintiff's inability to articulate an infringing product limits the Defendant's ability to discuss this factor more fully.

2) The Amount in Controversy

35 U.S.C. § 284 allows for at least a reasonable royalty. The Plaintiff's Initial Disclosure are non-specific as to its damages.

3) The Parties' Resources

The Plaintiff and Defendant are direct competitors. The Plaintiff is much larger than the Defendant.

4) The Importance of the Discovery in Resolving the Issues

The Defendant can see no importance to the unrelated discovery sought for addressing the as yet unspecified direct or indirect infringement to be alleged.

5) The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

As noted above, the Defendant is presently unaware of the product which will be accused, however, the disputed discovery provides no benefit to the Plaintiff relevant to the action, and the expense and burden on the Defendant will significantly outweigh any benefit to the Plaintiff.

Accordingly, the Plaintiff's request is disproportionate to the needs of the case.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents are being produced as RUPP002446–RUPP002989.

**REQUEST NO. 50:** Two samples of each Outrigger Pulley Assembly, including any packaging, instructions, guides, or labels for each product.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.  This Request highlights the systemic problem throughout these Requests and this action, GEM Products is not addressing *actual products* made, offered for sale, or sold by Rupp Marine, but is attempting to define a non-existent product to support its frivolous claims and allegations.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint,  responsive documents which are Bates Numbered _____ are being provided with this Supplemental Response.  Two samples of the "Accused Pulleys" are being provided.  Arrangements for providing or shipping the samples of "Accused Pulleys" can be completed by contacting undersigned counsel.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive samples have been shipped to GEM's counsel via UPS.

**REQUEST NO. 51:** Documents sufficient to show the organizational structure of Rupp, including names, positions, titles, duties, and reporting relationships of all officers,

employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of any Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.  As no such product exists, there is no organization structure of persons "involved in the design, development, operation, manufacture, testing, marketing, or sale" of such non-existent products.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 52:** Documents sufficient to show the organizational structure each department, division, or unit at Rupp.

**RESPONSE:**

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 53:** Documents sufficient to show Rupp's corporate structure, including documents sufficient to show the ownership and management of Rupp and its Affiliates.

**RESPONSE:**

Such documents will be provided by May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

Rupp Marine has produced document Bates Numbered RUPP002378-2381 as responsive to this Request.

**REQUEST NO. 54:** All documents relating to the decision to develop any Outrigger Pulley Assembly, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the decision to develop" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, no such documents exist.

## SECOND SUPPLEMENTAL RESPONSE:

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 55:** All documents relating to the decision to sell or offer to sell Outrigger Pulley Assemblies either separate from or included with outriggers, including any documents relating to Your belief that doing so would avoid infringement of any Asserted Claim.

## RESPONSE:

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the decision to sell or offer to sell" imaginary products "either separate from or included with outriggers", which would still be improper if such products were actually identified by Plaintiff, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the

recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

### SUPPLEMENTAL RESPONSE:

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

### SECOND SUPPLEMENTAL RESPONSE:

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.  This is confirmed by the documents Bates Numbered RUPP002416–RUPP002445.

**REQUEST NO. 56:** All documents relating to the manufacture of any Outrigger Pulley Assembly, including product drawings, schematics, manuals, and test protocols.

### RESPONSE:

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the manufacture of" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition

and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (quoting *Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

### SUPPLEMENTAL RESPONSE:

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have been produced as RUPP002189–RUPP002190, RUPP002194, RUPP002404–RUPP002404 and **Confidential** document RUPP002405–RUPP002406.  Additional responsive documents are being provided as RUPP00003378–RUPP003385.

**REQUEST NO. 57:** Documents sufficient to show, for each Outrigger Pulley Assembly, on a monthly basis or the next shortest period for which such data is gathered or maintained, the number of products manufactured in whole or in part in the United States.

### RESPONSE:

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, responsive documents which are Bates Numbered RUPP002398-2402, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY,** are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents RUPP02398–RUPP002402 have been provided and additional documents RUPP002990–RUPP003375 are being provided.  All such documents are **marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** under the Protective Order.

**REQUEST NO. 58:** Documents sufficient to show, for each Outrigger Pulley Assembly, on a monthly basis or the next shortest period for which such data is gathered or maintained, the number of products imported into the United States by or on Your behalf.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, the Defendant possesses no such documents.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the

"Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 59:** All contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing of any Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, responsive documents which are Bates Numbered RUPP002398-2402, **marked as CONFIDENTIAL – ATTORNEY'S EYES ONLY,** are being provided with this Supplemental Response.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have already been provided as Bates Numbers RUPP002398–RUPP002402, **marked as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**.

**REQUEST NO. 60:** All contracts and agreements with other persons related to the manufacture, testing, sale, development, or marketing of any outrigger.

**RESPONSE:**

This Request is objected to as overbroad, unduly burdensome, irrelevant and unrelated to the claims and allegations in this case, and disproportionate to the needs of the case. Rupp Marine has been manufacturing and selling outriggers for over 45 years.

RELEVANCY:

The lack of an operative Complaint at the time of this Response leaves it unknown what products are actually accused in this action. Plaintiff's Infringement Contentions were not served until eleven days after this Request, and they are also problematic, as pointed out on page 7 of the Order Dismissing the Complaint (ECF 35). The Request involves wholly unrelated matter and/or activity which is not related to any of the claims and defenses in this action. This Request constitutes nothing more than a fishing expedition.

THE REQUESTED DISCOVERY IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE:

"Proportionality 'focuses on the marginal utility of the discovery sought.'" *Runton v. Brookdale Senior Living, Inc.*, No 17-60664-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 31375, at *17 (S.D. Fla. Feb. 27, 2018). Indeed, "the pretrial [discovery] process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Reuter v. Physicians Cas. Risk Retention Grp.*, No. 16-80581-CV, 2017 U.S. Dist. LEXIS 11447, at *6 (S.D. Fla. Jan 27, 2017). Thus, under Rule 26(b)(1), "all parties and their counsel are required to size and shape their discovery requests to the requisites of a case. *Id.*

Rule 26(b)(1) clarifies the inquiry into proportionality, articulating that the inquiry considers: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Looking to those considerations, it is clear that requiring Defendant to comprehend and respond as to this additional matter, does not relate to the parties' claims or defenses, and is disproportionate to the needs of the case, as addressed below.

1) The Importance of the Issues at Stake in the Action:

The Defendant is only generally accused of infringing the Plaintiff's Patents by the sale of conventional items employed for outrigger fishing. So far, the Plaintiff's inability to articulate an infringing product limits the Defendant's ability to discuss this factor more fully.

2) The Amount in Controversy

35 U.S.C. § 284 allows for at least a reasonable royalty. The Plaintiff's Initial Disclosure are non-specific as to its damages.

3) The Parties' Resources

66

The Plaintiff and Defendant are direct competitors.  The Plaintiff is much larger than the Defendant.

4) The Importance of the Discovery in Resolving the Issues

The Defendant can see no importance to the unrelated discovery sought for addressing the as yet unspecified direct or indirect infringement to be alleged.

5) The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

As noted above, the Defendant is presently unaware of the product which will be accused, however, the disputed discovery provides no benefit to the Plaintiff relevant to the action, and the expense and burden on the Defendant will significantly outweigh any benefit to the Plaintiff.

Accordingly, the Plaintiff's request is disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE:**

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 61:** All documents relating to any application by You to any private or governmental agency for registration, certification, or approval of any aspect of any Outrigger Pulley Assembly or any outrigger.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to any application . . . to any private or governmental agency for registration, certification, or approval of any aspect of" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely

encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

### SUPPLEMENTAL RESPONSE:

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, no such documents exist.

### SECOND SUPPLEMENTAL RESPONSE:

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 62:** All documents relating to customer comments or questions regarding any failure, operation, use, or defect of any Outrigger Pulley Assembly.

### RESPONSE:

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to customer

comments or questions regarding any failure, operation, use, or defect of" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*], Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

### SUPPLEMENTAL RESPONSE:

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

### SECOND SUPPLEMENTAL RESPONSE:

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 63:** All documents relating to how You instruct others on how to manufacture or use any Outrigger Pulley Assembly, including user manuals or guides, quick start guides, data sheets, maintenance manuals, product support materials, FAQs, warranty support, customer support training materials, other product specifications, or similar.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" instructions for imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").  Further, as Plaintiff is aware, Rupp Marine's instructions, manuals, guides, etc. are publicly disclosed on its website making it even more clear that the only purpose of these requests is to vexatiously multiply the costs of this frivolous action.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

As best as this request is understood no documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.  If this request includes the design files for Rupp's products, such documents have already been produced as RUPP002189–RUPP002190, RUPP002194, RUPP002404–RUPP002404 and **Confidential** documents RUPP002405–RUPP002406.

**REQUEST NO. 64:** All documents relating to the advertising or promotion of any Outrigger Pulley Assembly, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the advertising or promotion of" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to

or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint, except for Rupp Marine's catalog, or Rupp Marine's website (already possessed by the Plaintiff), no other documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have been produced as RUPP000001–RUPP000024, RUPP002416–RUPP002445.   Additional responsive documents are being produced as RUPP003386–RUPP003406.

**REQUEST NO. 65:** All documents relating to the advertising or promotion of any outrigger, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the advertising or promotion of any outrigger", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to"

a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Rupp Marine has been manufacturing, advertising, promoting, etc. "outriggers" for over 45 years.  Moreover, "outriggers", while a necessary part of each claim in each Asserted Patent, are **not** at issue, as "outriggers" are staple articles of commerce that long predate the Asserted Patents, such that for an "outrigger" to be infringing, it would conclusively demonstrate that every claim of each Asserted Patent is invalid due to the sales of those outriggers long before the earliest filing date of each claim of each Asserted Patent.

RELEVANCY:

The lack of an operative Complaint at the time of this Response leaves it unknown what products are actually accused in this action.  Plaintiff's Infringement Contentions were not served until eleven days after this Request, and they are also problematic, as pointed out on page 7 of the Order Dismissing the Complaint (ECF 35).  The Request involves wholly unrelated matter and/or activity which is not related to any of the claims and defenses in this action.  This Request constitutes nothing more than a fishing expedition.

THE REQUESTED DISCOVERY IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE:

"Proportionality 'focuses on the marginal utility of the discovery sought."  *Runton v. Brookdale Senior Living, Inc.*, No 17-60664-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 31375, at *17 (S.D. Fla. Feb. 27, 2018).  Indeed, "the pretrial [discovery] process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery."  *Reuter v. Physicians Cas. Risk Retention Grp.*, No. 16-80581-CV, 2017 U.S. Dist. LEXIS 11447, at *6 (S.D. Fla. Jan 27, 2017).  Thus, under Rule 26(b)(1), "all parties and their counsel are required to size and shape their discovery requests to the requisites of a case.  *Id.*

Rule 26(b)(1) clarifies the inquiry into proportionality, articulating that the inquiry considers: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Looking to those considerations, it is clear that requiring Defendant to comprehend and respond as to this additional matter, does not relate

to the parties' claims or defenses, and is disproportionate to the needs of the case, as addressed below.

1) The Importance of the Issues at Stake in the Action:

The Defendant is only generally accused of infringing the Plaintiff's Patents by the sale of conventional items employed for outrigger fishing.  So far, the Plaintiff's inability to articulate an infringing product limits the Defendant's ability to discuss this factor more fully.

2) The Amount in Controversy

35 U.S.C. § 284 allows for at least a reasonable royalty.  The Plaintiff's Initial Disclosure are non-specific as to its damages.

3) The Parties' Resources

The Plaintiff and Defendant are direct competitors.  The Plaintiff is much larger than the Defendant.

4) The Importance of the Discovery in Resolving the Issues

The Defendant can see no importance to the unrelated discovery sought for addressing the as yet unspecified direct or indirect infringement to be alleged.

5) The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

As noted above, the Defendant is presently unaware of the product which will be accused, however, the disputed discovery provides no benefit to the Plaintiff relevant to the action, and the expense and burden on the Defendant will significantly outweigh any benefit to the Plaintiff.

Accordingly, the Plaintiff's request is disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE:**

Responsive documents have been produced as RUPP000001–RUPP000024, RUPP002416–RUPP002445.  Additional responsive documents are being produced as RUPP003386–RUPP003406.

**REQUEST NO. 66:** All documents relating to the advertising or promotion of any outrigger accessory, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the advertising or promotion of any outrigger", under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (quoting *Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Rupp Marine has been manufacturing, advertising, promoting, etc. "outriggers" and outrigger "accessories" for over 45 years. Moreover, outriggers and accessories, while "necessary components" in each claim in each Asserted Patent, *see* ECF No. 22, pages 3–4, are **not** at issue, as "outriggers" and "accessories" are staple articles of commerce that long predate the Asserted Patents.

RELEVANCY:

The lack of an operative Complaint at the time of this Response leaves it unknown what products are actually accused in this action. Plaintiff's Infringement Contentions were not served until eleven days after this Request, and they are also problematic, as pointed out on page 7 of the Order Dismissing the Complaint (ECF 35). The Request involves wholly unrelated matter and/or activity which is not related to any of the claims and defenses in this action. This Request constitutes nothing more than a fishing expedition.

THE REQUESTED DISCOVERY IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE:

"Proportionality 'focuses on the marginal utility of the discovery sought." *Runton v. Brookdale Senior Living, Inc.*, No 17-60664-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 31375, at *17 (S.D. Fla. Feb. 27, 2018). Indeed, "the pretrial [discovery] process must provide parties with efficient access to what is needed to prove a claim or defense, but

**eliminate unnecessary or wasteful discovery**." *Reuter v. Physicians Cas. Risk Retention Grp.*, No. 16-80581-CV, 2017 U.S. Dist. LEXIS 11447, at *6 (S.D. Fla. Jan 27, 2017). Thus, under Rule 26(b)(1), "all parties and their counsel are required to size and shape their discovery requests to the requisites of a case. *Id.*

Rule 26(b)(1) clarifies the inquiry into proportionality, articulating that the inquiry considers: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Looking to those considerations, it is clear that requiring Defendant to comprehend and respond as to this additional matter, does not relate to the parties' claims or defenses, and is disproportionate to the needs of the case, as addressed below.

1) The Importance of the Issues at Stake in the Action:

The Defendant is only generally accused of infringing the Plaintiff's Patents by the sale of conventional items employed for outrigger fishing. So far, the Plaintiff's inability to articulate an infringing product limits the Defendant's ability to discuss this factor more fully.

2) The Amount in Controversy

35 U.S.C. § 284 allows for at least a reasonable royalty. The Plaintiff's Initial Disclosure are non-specific as to its damages.

3) The Parties' Resources

The Plaintiff and Defendant are direct competitors. The Plaintiff is much larger than the Defendant.

4) The Importance of the Discovery in Resolving the Issues

The Defendant can see no importance to the unrelated discovery sought for addressing the as yet unspecified direct or indirect infringement to be alleged.

5) The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

As noted above, the Defendant is presently unaware of the product which will be accused, however, the disputed discovery provides no benefit to the Plaintiff relevant to the action, and the expense and burden on the Defendant will significantly outweigh any benefit to the Plaintiff.

Accordingly, the Plaintiff's request is disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE:**

Responsive documents have been produced as RUPP000001–RUPP000024, RUPP002416–RUPP002445. Additional responsive documents are being produced as RUPP003386–RUPP003406.

**REQUEST NO. 67:** Documents sufficient to identify all model numbers for each Outrigger Pulley Assembly and any other internal or code names for each Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, responsive documents have already been produced, including under documents Bates Numbered RUPP000001-37; RUPP002070-2241; RUPP002287-2361; and the parties' current pleadings.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have been produced as RUPP000001–RUPP000024, RUPP002189–RUPP002190, RUPP002194, RUPP002403–RUPP002404, RUPP002405–RUPP002406 (marked **Confidential**), and RUPP002416–RUPP002445. Additional responsive documents are being produced as RUPP003386–RUPP003406.

**REQUEST NO. 68:** All documents relating to the market for each Outrigger Pulley Assembly, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to the market for" imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint. In that regard, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 69:** All communications with any Third-Party relating to GEM Products or any of GEM Products' products or services.

**RESPONSE:**

No such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 70:** For each of Paragraphs 131-138 in the Counterclaims, all documents that You contend form the basis that the rigging diagram shown in such Paragraph does not cause infringement of any of the Asserted Claims.

**RESPONSE:**

As best as this request is understood, given that it seeks documents evidencing a negative, Rupp has served documents Bates numbered RUPP000025–RUPP000046; RUPP000054–001556; and RUPP001557–RUPP001682.

**REQUEST NO. 71:** For each Outrigger Pulley Assembly, all documents that You contend support the basis that that such Outrigger Pulley Assembly is a staple article or commodity of commerce suitable for substantial noninfringing use, pursuant to 35 USC § 271(c).

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard

responsive documents have already been produced, including under documents Bates Numbered RUPP000001-37; RUPP002070-2241; RUPP002287-2361, and the documents made part of the parties' current pleadings.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of "Outrigger Pulley Assembly" in this request as being limited to only pulley products, including the "Accused Pulleys," but not to outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have already been produced as Bates Numbers RUPP000001–RUPP000046; RUPP002070–RUPP002241; RUPP002287–RUPP002361. Additional responsive documents are being produced as RUPP003386–RUPP003406.

**REQUEST NO. 72:** For each of the Asserted Claims, all documents that You contend supported the basis that such Asserted Claim is invalid for any reason.

**RESPONSE:**

At the time of this Response, the Defendant does not possess an Amended Complaint and, therefore, any of the "Asserted Claims".

Discovery is ongoing and therefore this request will be supplemented as necessary. As to Documents supporting the basis that each claim of each Asserted Patent is invalid, the Defendant will provide responsive documents in its possession, custody or control, on or before May 28, 2025.

**SUPPLEMENTAL RESPONSE:**

The Defendant has provided the documents Bates Numbered RUPP002382-2387. Reference is also made to production provided with Rupp Marine's Requests for Admissions, Preliminary Contentions, and responsive pleading.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents have already been produced as Bates Numbers RUPP000054–RUPP001550, RUPP001557–RUPP2069, RUPP002242–RUPP002286, RUPP002238–RUPP002387, RUPP002416–RUPP002445. Additional responsive documents are being produced as Bates Numbers RUPP00243386–RUPP003396–RUPP3406.

**REQUEST NO. 73:** For each of the Asserted Claims, all documents that You contend support the basis that You do not infringe, whether directly or indirectly, such Asserted Claim.

**RESPONSE:**

There is presently no operative Complaint in this action. For now, the Defendant refers to its Counterclaims regarding non-infringement; its Non-Infringement Contentions; and its May 15, 2025 letter to Plaintiff's counsel.

**SUPPLEMENTAL RESPONSE:**

It is noted that no claim for direct infringement remains in this action. As best as the Defendant understands the remaining claims, the Defendant incorporates, by reference, its Counterclaims for Declaratory Judgment of Non-Infringement, filed in response to the First Amended Complaint; its Non-Infringement Contentions; its May 15, 2025 letter to Plaintiff's counsel; the Joint Claim Construction Statement of the Parties; RUPP000001-37; RUPP002070-2241; DE #1-6; DE #1-7; DE #46-10; DE #46-11; reference is also made to the document produced by the Plaintiff, Bates Numbered GEM0003830.

**SECOND SUPPLEMENTAL RESPONSE:**

Responsive documents have already been produced as Bates Numbers RUPP000001–RUPP002445. Additional responsive documents are being produced as Bates Numbers RUPP003386–RUPP003413.

**REQUEST NO. 74:** All documents relating to any conference, seminar, exhibition, convention, or trade show at which any Outrigger Pulley Assembly, was discussed, referred to, advertised, displayed, demonstrated, or shown.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" the exhibition of imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22

(S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, responsive documents are presently being searched for, and will be provided, if located.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents are being produced as Bates Numbers RUPP003396–RUPP003406.

**REQUEST NO. 75:** All documents relating to any products that compete with any Outrigger Pulley Assembly, including any analyses of the strengths or weaknesses of those products compared to any Outrigger Pulley Assembly.

**RESPONSE:**

<u>"Outrigger Pulley Assembly" Objection</u>: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" products competing with imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, the Defendant anticipates seeking documents from Pipewelders, pursuant to a subpoena.  While not yet possessed by the Defendant, to the extent any received documents are responsive to this Request, they will be provided promptly following receipt.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents include pulleys/bearing blocks from the companies Harken, Ronstan, and Malin, which can be obtained from those companies' websites.  Additionally, documents responsive to this request include those already produced as Bates Numbers

RUPP000047–RUPP000053, RUPP001557–RUPP001682, RUPP002239, RUPP2242–RUPP002286, RUPP002382–RUPP002387. Additional responsive documents are being produced as Bates Numbers RUPP003399–RUPP003413.

Rupp has not performed, or had performed, any analyses of the strengths or weaknesses of those products compared to any "Outrigger Pulley Assembly" sold by Rupp and, therefore, no such documents related to any analyses exist.

Additionally, Defendant anticipates seeking documents from Pipewelders, pursuant to a subpoena. While not yet possessed by the Defendant, to the extent any received documents are responsive to this Request, they will be provided promptly following receipt

**REQUEST NO. 76:** Any agreements relating to the subject matter or outcome of this Lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:**

No such documents exist.

**SUPPLEMENTAL RESPONSE:**

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 77:** For each person You intend to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to alarm systems and/or control products; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:**

This request is premature as no such expert witness has yet been identified. Defendant further objects to this request as being unduly burdensome and overbroad in seeking "all" publications and transcripts, going far beyond what is required to be identified under the Federal Rules of Civil Procedure.

**REQUEST NO. 78:** All documents relating to any license, settlement, agreement, contract, or arrangement, whether executed or not, that Rupp entered, negotiated, or considered, relating to any Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" potential licensing, etc. for imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SUPPLEMENTAL RESPONSE:**

Subject to, and without waiving the foregoing objections, and following the filing of the First Amended Complaint, reference is made to the products which are identified as "Accused Pulleys" in paragraph 33 of the First Amended Complaint.  In that regard, responsive documents which are Bates Numbered _____ have already been produced, including under documents Bates Numbered RUPP000001-37; RUPP002070-2241; RUPP002287-2361; and the parties' current pleadings.

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

Responsive documents have already been produced as Bates Numbers RUPP000001–RUPP000037; RUPP002070–RUPP2241; RUPP002287–RUPP002361; RUPP002416–RUPP002445; and RUPP002287–RUPP002375.

Additionally, documents Bates Numbered RUPP002388–RUPP002404 **marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** under the Protective Order have already been produced; and documents Bates Numbered RUPP002990–RUPP003375 **marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** under the Protective Order are being produced in connection with this supplemental response, as well as RUPP003386–RUPP003395.

**REQUEST NO. 79:** All documents relating to any license, settlement, agreement, contract, or arrangement, whether executed or not, that Rupp entered, negotiated, or considered, relating to any outrigger.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" possible agreements whether or not entered into "relating to any outrigger", under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S.*

*Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Further, this request is not relevant to the issues of this action because outriggers, while a "necessary component" of each claim of each Asserted Patent, are non-infringing products. Rupp Marine has been selling outriggers, and therefore entering into agreements for such products, for over 45 years. This request amounts to effectively the wholesale production of Rupp Marine's entire financial system and every financial document, related only to non-infringing and irrelevant products. Such request is overbroad, irrelevant, and disproportionate to the needs of the case.

<u>RELEVANCY:</u>

The lack of an operative Complaint at the time of this Response leaves it unknown what products are actually accused in this action. Plaintiff's Infringement Contentions were not served until eleven days after this Request, and they are also problematic, as pointed out on page 7 of the Order Dismissing the Complaint (ECF 35). The Request involves wholly unrelated matter and/or activity which is not related to any of the claims and defenses in this action. This Request constitutes nothing more than a fishing expedition.

THE REQUESTED DISCOVERY IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE:

"Proportionality 'focuses on the marginal utility of the discovery sought." *Runton v. Brookdale Senior Living, Inc.*, No 17-60664-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 31375, at *17 (S.D. Fla. Feb. 27, 2018). Indeed, "the pretrial [discovery] process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Reuter v. Physicians Cas. Risk Retention Grp.*, No. 16-80581-CV, 2017 U.S. Dist. LEXIS 11447, at *6 (S.D. Fla. Jan 27, 2017). Thus, under Rule 26(b)(1), "all parties and their counsel are required to size and shape their discovery requests to the requisites of a case. *Id.*

Rule 26(b)(1) clarifies the inquiry into proportionality, articulating that the inquiry considers: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Looking to those considerations, it is clear that requiring Defendant to comprehend and respond as to this additional matter, does not relate to the parties' claims or defenses, and is disproportionate to the needs of the case, as addressed below.

1) The Importance of the Issues at Stake in the Action:

The Defendant is only generally accused of infringing the Plaintiff's Patents by the sale of conventional items employed for outrigger fishing. So far, the Plaintiff's inability to articulate an infringing product limits the Defendant's ability to discuss this factor more fully.

2) The Amount in Controversy

35 U.S.C. § 284 allows for at least a reasonable royalty.  The Plaintiff's Initial Disclosure are non-specific as to its damages.

3) The Parties' Resources

The Plaintiff and Defendant are direct competitors.  The Plaintiff is much larger than the Defendant.

4) The Importance of the Discovery in Resolving the Issues

The Defendant can see no importance to the unrelated discovery sought for addressing the as yet unspecified direct or indirect infringement to be alleged.

5) The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

As noted above, the Defendant is presently unaware of the product which will be accused, however, the disputed discovery provides no benefit to the Plaintiff relevant to the action, and the expense and burden on the Defendant will significantly outweigh any benefit to the Plaintiff.

Accordingly, the Plaintiff's request is disproportionate to the needs of the case.

**SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 80:** All documents relating to any license, settlement, agreement, contract, or arrangement, whether executed or not, that Rupp entered, negotiated, or considered, relating to any intellectual property right, whether patent, trade secret, copyright, or trademark.

**RESPONSE:**

88

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" possible agreements whether or not entered into "relating to any intellectual property right", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

RELEVANCY:

The lack of an operative Complaint at the time of this Response leaves it unknown what products are actually accused in this action.  Plaintiff's Infringement Contentions were not served until eleven days after this Request, and they are also problematic, as pointed out on page 7 of the Order Dismissing the Complaint (ECF 35).  The Request involves wholly unrelated matter and/or activity which is not related to any of the claims and defenses in this action.  This Request constitutes nothing more than a fishing expedition.

THE REQUESTED DISCOVERY IS NOT PROPORTIONAL TO THE NEEDS OF THE CASE:

"Proportionality 'focuses on the marginal utility of the discovery sought."  *Runton v. Brookdale Senior Living, Inc.*, No 17-60664-CIV-ALTONAGA/GOODMAN, 2018 U.S. Dist. LEXIS 31375, at *17 (S.D. Fla. Feb. 27, 2018).  Indeed, "the pretrial [discovery] process must provide parties with efficient access to what is needed to prove a claim or defense, but **eliminate unnecessary or wasteful discovery**."  *Reuter v. Physicians Cas. Risk Retention Grp.*, No. 16-80581-CV, 2017 U.S. Dist. LEXIS 11447, at *6 (S.D. Fla. Jan 27, 2017).  Thus, under Rule 26(b)(1), "all parties and their counsel are required to size and shape their discovery requests to the requisites of a case.  *Id.*

Rule 26(b)(1) clarifies the inquiry into proportionality, articulating that the inquiry considers: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Looking to those considerations, it is clear that requiring Defendant to comprehend and respond as to this additional matter, does not relate to the parties' claims or defenses, and is disproportionate to the needs of the case, as addressed below.

1) The Importance of the Issues at Stake in the Action:

The Defendant is only generally accused of infringing the Plaintiff's Patents by the sale of conventional items employed for outrigger fishing. So far, the Plaintiff's inability to articulate an infringing product limits the Defendant's ability to discuss this factor more fully.

2) The Amount in Controversy

35 U.S.C. § 284 allows for at least a reasonable royalty. The Plaintiff's Initial Disclosure are non-specific as to its damages.

3) The Parties' Resources

The Plaintiff and Defendant are direct competitors. The Plaintiff is much larger than the Defendant.

4) The Importance of the Discovery in Resolving the Issues

The Defendant can see no importance to the unrelated discovery sought for addressing the as yet unspecified direct or indirect infringement to be alleged.

5) The Burden or Expense of the Proposed Discovery Outweighs Its Likely Benefit

As noted above, the Defendant is presently unaware of the product which will be accused, however, the disputed discovery provides no benefit to the Plaintiff relevant to the action, and the expense and burden on the Defendant will significantly outweigh any benefit to the Plaintiff.

Accordingly, the Plaintiff's request is disproportionate to the needs of the case.

**<u>SUPPLEMENTAL RESPONSE</u>:**

Rupp maintains its objection to this request as exceeding the allowable scope of discovery permitted under Fed. R. Civ. P. 26(b)(1), and it is not proportional to the needs of the case, as addressed above. Rupp is not maintaining the "all documents" objection addressed above. This request contains no temporal limitation, and is blatantly vague, overbroad and all-encompassing. For example, ". . . each . . . arrangement . . .", as used in this Interrogatory, is a meaningless term. A ". . . license, settlement, agreement, contract

[not]executed . . ." is not a license, settlement, agreement or contract.  This Request's limitless approach in calling for any item that relates to any intellectual property right, does not even attempt to confine itself it any claim or defense, and hinders a more detailed statement addressed to relevance, or other objections, without undertaking great burden in responding. The Request is overly broad and unduly burdensome on its face.  Further, requests nos. 78– 79 already address any such licenses, etc. entered into regarding any outriggers and for any "Outrigger Pulley Assembly", the inclusion of this request is only directed to irrelevant intellectual property licenses and is disproportionate to the needs of the case.

This objection was also raised in connection with Rupp's objection to Interrogatory number 11, which made the same request as an interrogatory, and Rupp's objection which was sustained by the Court.

**REQUEST NO. 81:** All documents relating to industry licensing practices or royalty rates relating to the subject matter disclosed or claimed in any of the Asserted Patents.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to industry licensing practices or royalty rates relating to the subject matter disclosed or claimed in any of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576- KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Further, the qualification "related to the subject matter of the Asserted Patents" renders this request vague and ambiguous as such subject matter has not yet been defined by the Court for Rupp Marine to be able to understand and respond.

Subject to and without waiving the foregoing objections, no such documents exist as there is no industry practice relating to systems such as is claimed in each of the Asserted Patents because everyone in the industry would know that such a system is not protectable under the patent laws, as it is simply an obvious use of staple articles of commerce that have been sold long before the filing date of any Asserted Patent.

**SECOND SUPPLEMENTAL RESPONSE:**

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

Rupp does not have its own licensing practices or royalty rates and is not aware of any industry licensing practices or royalty rates relating to the subject matter disclosed or claimed in any of the Asserted Patents.  Discovery is ongoing, if Rupp learns of, or otherwise becomes aware of, documents related to industry licensing practices or royalty rates relating to the subject matter disclosed or claimed in any of the Asserted Patents, it will produce them.

**REQUEST NO. 82:** All documents relating to industry licensing practices or royalty rates relating to outriggers or outrigger accessories.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to industry licensing practices or royalty rates relating to outriggers or outrigger accessories", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests

worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Subject to and without waiving the foregoing objections, no such documents exist.

**SECOND SUPPLEMENTAL RESPONSE:**

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

Rupp does not have its own licensing practices or royalty rates and is not aware of any industry licensing practices or royalty rates relating to outriggers or outrigger accessories. Discovery is ongoing, if Rupp learns of or becomes aware of any documents related to industry licensing practices or royalty rates relating to outrigger or outrigger accessories, it will produce them.

**REQUEST NO. 83:** All documents relating to any patent infringement indemnification provisions or agreements between You and any other person relating to any Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection: Further, this Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" potential licensing, etc. for imaginary products, which would still be improper if such products were actually identified by Plaintiff, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding

that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U. S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

### SUPPLEMENTAL RESPONSE:

Without waiving these objections, no such documents exist.

### SECOND SUPPLEMENTAL RESPONSE:

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 84:** All documents that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit.

### RESPONSE:

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" anything in this case, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g., Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining that requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW,

2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

This Request is the antithesis of the particularized request for documents required by Rule 34, and operates as a gigantic trolling net. The Defendant is willing to discuss more focused requests, which allow an intelligent response or objection.

**SUPPLEMENTAL RESPONSE:**

Documents responsive to this request are those that have already been produced as RUPP000001–RUPP002445, each document filed by Rupp in this action on the docket, each document served by Rupp under the Court's Scheduling Order (e.g., contentions), and documents being produced in connection with this Supplemental Response, RUPP002446–RUPP002989, RUPP003378–RUPP003413, and RUPP002990–RUPP003375 **marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONY** under the Protective Order.

Discovery is ongoing and if additional documents become responsive or are located, they will be produced.

**REQUEST NO. 85:** All documents received by You in response to any subpoenas propounded by You in this Lawsuit.

**RESPONSE:**

Discovery is ongoing and any documents produced in response to a subpoena served by Rupp Marine will be produced.

**REQUEST NO. 86:** All documents and communications exchanged between You and third parties relating to any subpoenas propounded by You in this Lawsuit, including communications between counsel for You and counsel for any subpoenaed party.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" subpoenas, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-

Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Discovery is ongoing and any documents and communications exchanged in the process of serving or discussing subpoenas served by Rupp Marine will be produced.

**SUPPLEMENTAL RESPONSE:**

Rupp has not propounded subpoenas in this Lawsuit, and therefore has no documents or communications related to subpoenas it has propounded. As reflected in other responses, Rupp has indicated an *intention* to propound one or more subpoenas, but it has not done so. If and when any subpoena is propounded by Rupp, this response will be supplemented.

**REQUEST NO. 87:** Documents sufficient to describe all Rupp electronic data and document retention policies.

**RESPONSE:**

No Such documents exist.

**SUPPLEMENTAL RESPONSE:**

Responsive documents are being produced as RUPP003376–RUPP003377, which have been obtained to describe the document retention obligations Rupp complies with.

**REQUEST NO. 88:** Documents sufficient to describe Rupp's obligations to preserve or retain documents or information that may be relevant to this Lawsuit.

**RESPONSE:**

This Request is not understood, as it appears to involve an exposition of legal duty, which would not possessed by a company that sells outriggers.  If this Request is requesting attorney/client communication, or some other form of document, the Plaintiff is invited to clarify this Request so that it is more understandable.

**REQUEST NO. 89:** All documents relating to any analyses You performed, or had performed on Your behalf, relating to the Asserted Patents or any of GEM Products' intellectual property rights prior to the commencement of this Lawsuit.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" subpoenas, under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

Aside from the incredibly broad request related to the term "Asserted Patents", the portion of this Request which addresses "any of GEM's Products' intellectual property rights prior to the commencement of this lawsuit" is completely out of bounds on its face, and further illuminates the fact that this case has been brought in bad faith, not only for the purpose of harassment, but also to attempt to use discovery to learn information having nothing to do with the claims or defenses in this action, but everything to do with GEM Products' ongoing direct competition with Rupp Marine.

**SUPPLEMENTAL RESPONSE:**

This request is objected to as calling for privileged communications and attorney work product. A privilege log will be provided for responsive documents from prior to September 25, 2024. Privileged documents related to the Asserted Patents do not require a privilege log because they were created in the course of this litigation and after the September 25, 2024 letter from counsel for GEM.

The only non-privileged responsive documents are being provided as RUPP003414–RUPP003448, which relate to GEM patents which were previously threatened against Rupp but which are not being asserted in this action. No other such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 90:** All documents relating to any analyses You performed, or had performed on Your behalf, of GEM Products' products prior to the commencement of this Lawsuit.

**RESPONSE:**

"All Documents Relating To" Objection: This Request is objected to as unnecessarily broad and all-encompassing by requesting "all documents relating to" subpoenas, under the definition provided. It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

This broad and incredibly irrelevant Request is completely out of bounds on its face, and further illuminates the fact that this case has been brought in bad faith, not only for the purpose of harassment, but also to attempt to use discovery to learn information having

nothing to do with the claims or defenses in this action, but everything to do with GEM Products' ongoing direct competition with Rupp Marine.

**SUPPLEMENTAL RESPONSE:**

The only documents related to the analysis of any of GEM Products' products are privileged communications and attorney work product created by counsel in the course of this litigation, for which no privilege log is required because it was performed after the September 25, 2024 letter from counsel for GEM.

No non-privileged documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 91:** All documents relating to any analyses You performed, or had performed on Your behalf, of any Outrigger Pulley Assembly.

**RESPONSE:**

"Outrigger Pulley Assembly" Objection: With respect to the use of "Outrigger Pulley Assembly" (and "Assemblies") in this Request, Rupp Marine incorporates its objections and response from Request No. 1, above.

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all communications . . . relating to any of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues.  *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) (""[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns* [*v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests

worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

**SECOND SUPPLEMENTAL RESPONSE:**

As understood by the Request, which requests information about an "Outrigger Pulley Assembly" that "can be attached, whether permanently or removably, to an outrigger" and following the First Amended Complaint's definition of "Accused Products" being either the "Accused Pulleys" or also certain outriggers "with" certain of the "Accused Pulleys," Rupp understands the phrasing of this request as being limited to only pulley products, including the "Accused Pulleys," but not to the sale of outriggers to which a pulley could be attached but for which no pulley is attached or sold with.

The only documents related to the analysis of any "Outrigger Pulley Assembly" are privileged communications and attorney work product created by counsel in the course of this litigation, for which no privilege log is required because it was performed after the September 25, 2024 letter from counsel for GEM.

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 92:** All documents relating to any valuations You performed, or had performed on Your behalf, of any of the Asserted Patents or any of GEM Products' intellectual property.

**RESPONSE:**

No such documents exist.

**SUPPLEMENTAL RESPONSE**:

No such documents exist, as addressed in the Declaration of Ron Karpanty, provided in connection with these responses.

**REQUEST NO. 93:** All documents relating to or forming the basis for any damages calculations You may use to dispute or refute GEM Products' claim for damages in this case.

**RESPONSE:**

"All Documents Relating To" Objection:  This Request is objected to as unnecessarily broad and all-encompassing by requesting "all communications . . . relating to any of the Asserted Patents", under the definition provided.  It imposes unnecessary burden and expense on the Defendant in seeking any document coming within this broad definition and is not proportional to the needs of the case, including considering the importance of the issues at

stake in the action, the amount in controversy, and the importance of the discovery in resolving the issues. *See, e.g.*, *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, Case No. 10-80241-civ-Zloch/Rosenbaum, 2010 U.S. Dist. LEXIS 146266, *21–22 (S.D. Fla. Dec. 8, 2010) (Rosenbaum, J.) (explaining why requests for "all documents" that "relate to" or "concern" are "overbroad, vague, and ambiguous," and likely encompass irrelevant information); *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 U.S. Dist. LEXIS 61265, *18-19 (M.D.N.C. May 2, 2014) ("'[a] request for all documents "relating to" a subject is usually subject to criticism as overbroad since . . . all documents "relate" to all others in some remote fashion. Such a request thus unfairly places the onus of non-production on the recipient of the request and not where it belongs — upon the person who drafted such a sloppy request.'") (*quoting Massachusetts v. United States Dep't of Health & Human Servs.*, 727 F. Supp. 35, 36 n. 2 (D. Mass. 1989)); *Sonnino v. Univ. of Kan. Hosp. Auth.*, Civil Action No. 02-2576-KHV-DJW, 2004 U.S. Dist. LEXIS 5988, *15-17 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face"); *Audiotext Commc'ns [v. U.S. Telecom, Inc.*, Civil Action No. 94-2395-GTV, 1995 U.S. Dist. LEXIS 545, *4 (D. Kan. Jan. 17, 1995) (explaining that discovery requests worded too broadly "function like a giant broom, sweeping everything in their path, useful or not").

The Defendant will provide such documents/disclosures as required by the Rules of Civil Procedure or the Orders of this Court. Given the lack of any operative Complaint, or knowledge as to what products the Plaintiff will contend infringe, directly or indirectly, the Defendant presently possesses no knowledge of what documents it may have, would be responsive.

**SUPPLEMENTAL RESPONSE:**

Responsive documents have been provided, and additional responsive documents are being provided, as Bates Numbers RUPP00001–RUPP000024, RUPP002416–RUPP002445, RUPP003386–RUPP003413. Additionally, documents have been produced as Bates Numbered RUPP002388–RUPP2402 and RUPP002990–RUPP003375 marked **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** under the Protective Order.

**REQUEST NO. 94:** All documents that You may offer as evidence or use as an exhibit in connection with any deposition in this Lawsuit.

**RESPONSE:**

The Defendant objects to this improper shotgun Request, as violative of Rule 34's particularized request requirement. Additionally, the nature of this Request is improper, falling completely outside the boundaries of Rule 34, and Rule 26(b)(1), in seeking to impose a disclosure requirement on the Defendant, which is not present in any Rule of Civil Procedure or any Order of this Court.

**REQUEST NO. 95:** Transcripts of all trial or deposition testimony given in any proceeding by any person You will or may call as a witness in trial in connection with this Lawsuit.

**<u>RESPONSE:</u>**

The Defendant objects to this obviously improper Request, which falls completely outside the boundaries of Rule 34, and Rule 26(b)(1), in seeking to impose a disclosure requirement on the Defendant, which is not present in any Rule of Civil Procedure or any Order of this Court.

Additionally, this Request would call on the Defendant to actually pay for Plaintiff's copies of deposition transcripts, given in this action.

Respectfully submitted,

*/s/ Edward F. McHale*
Edward F. McHale
Florida Bar No. 190300
Andrew D. Lockton
Florida Bar No. 115519
California Bar No. 301186
**MCHALE & SLAVIN, P.A.**
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
(561) 625-6575
(561) 625-6572 fax
emchale@mchaleslavin.com
alockton@mchaleslavin.com
litigation@mchaleslavin.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served on counsel of record via email this 15th day of August, 2025.  Counsel includes:

Gregory S. Weiss (Florida Bar No. 163430)
TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Boulevard, Suite 900
West Palm Beach, Florida 33401
Tel.    (561) 655-2250
gweiss@mrachek-law.com
psymons@mrachek-law.com

Joseph R. Lanser (*pro hac vice*)
jlanser@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone:    (312) 527-4000

Charles Pfister (*pro hac vice*)
cpfister@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
40 North Main Street, Suite 1700
Dayton, Ohio 45423
Telephone:    (937) 641-2071

Alex M. Matthews (*pro hac vice*)
amathews@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone:    (317) 713-3500

William K. Broman (*pro hac vice*)
wbroman@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Telephone:    (248) 727-1571

*Attorneys for Plaintiff, GEM Products, LLC*

/s/ Edward F. McHale
Edward F. McHale