# McHale & Slavin, P.A.
### ATTORNEYS AT LAW
U.S. & INTERNATIONAL PATENTS, TRADEMARKS, COPYRIGHTS,
RELATED LICENSING & LITIGATION

2855 PGA BOULEVARD
PALM BEACH GARDENS • FLORIDA • 33410-2910
TELEPHONE (561) 625-6575      FACSIMILE (561) 625-6572
palmbeach@mchaleslavin.com



DEFENDANT'S EXHIBIT J

October 1, 2024

*Via Email – jlanser@taftlaw.com*
Joseph Lanser
111 East Wacker Drive, Suite 2600
Chicago, IL 60601-4208

    Re:    GEM Products
            Our Ref. No. 2562U.019

Dear Mr. Lanser:

    This firm represents Rupp Marine, please direct your correspondence to my attention.

We responded to Mercier's previous counsel (Rosenberg, Klein & Lee) in 2016 and later counsel (Allen, Dyer, Doppelt & Gilchrist) in 2017. Attached is a copy of my reply dated November 3, 2017 regarding U.S. Patent Nos. 8,656,632; 9,392,778; and 9,717,226, which also references the Reexam for the '632 patent. Nine years from the original cease and desist letter, and seven years from the last *immediate* cease and desist letter, no claim chart or follow-up letter has ever been sent.

    This establishes equitable estoppel as there exists: (1) misleading statements or conduct, (2) action in reliance; and (3) resulting prejudice. Equitable estoppel takes place when there is conduct by both sides.

    1) Post Reexam, Rupp received a cease and desist letter and requested a representative claim chart to address the infringement claims when Rupp could not understand the basis. When no response was ever provided to that request, Rupp relied upon Mercier's silence as signaling agreement with Rupp's position.

    2) Rupp's action in reliance on Mercier's conduct was to continue manufacturing product. Had Mercier provided a representative claim chart for the Reexamined 632, '778 or '226 patents, Rupp could have elected to file an inter parties reexam, a declaratory judgment action, chose to license the product, or discontinue sales. As explained by Rupp, it did not want to become a licensee to a patent that disregarded known prior art. It is noted that Mercier did not manufacture product, was unknown in the industry and, frankly, was considered a patent troll.

Joseph Lanser
October 1, 2024

Page Two

    3) Rupp has been prejudiced, as there has been seven years of silence, during which it has continued to manufacture a product similar to the Malin product.

    While the above is not meant to be an exhaustive recitation, unless you can justify the last seven years of silence, we will again close our file on this matter.

Respectfully,

Michael Slavin

Enclosure

# McHALE & SLAVIN, P.A.
### ATTORNEYS AT LAW
U.S. & INTERNATIONAL PATENTS, TRADEMARKS, COPYRIGHTS,
RELATED LICENSING & LITIGATION

2855 PGA BOULEVARD
PALM BEACH GARDENS • FLORIDA • 33410-2910
TELEPHONE (561) 625-6575   FACSIMILE (561) 625-6572
palmbeach@mchaleslavin.com

November 3, 2017

*Via Email and U.S. Mail*
Brian Gilchrist, Esq.
Allen, Dyer, Doppelt & Gilchrist
255 S. Orange Avenue, Suite 1401
Orlando, FL  32801
bgilchrist@allendyer.com

Re:    Mercier
       Our Ref. No.: 2562.019

Dear Mr. Gilchrist:

Your letter dated November 1, 2017 has a number of misstatements.

Rupp did not seek to invalidate the "Patents" through the reexamination process, Rupp filed a reexam only against Patent 8,656,632. The Reexamination Certificate illustrates that the claims of the '632 Patent were narrowed to include "a housing secured by at least one fastener against displacement relative to the outrigger structure." Rupp follows the teachings of Malin, and the housings used by Rupp are displaceable relative to the outrigger structure. It should be noted that Mercier did not invent the claimed retention clips.

Rupp did not play "hardball." Rupp inquired of Mercier to explain the differences regarding Malin, to no avail. Rupp did not want to become a licensee to a patent that disregarded known prior art. Rupp requested an explanation of the Mercier claims, in view of the prior art, so Rupp could understand what was licensed. It should be noted that Mercier did not invent the claimed retention clips. Rupp could have filed an *inter parties* reexam or filed a Declaratory Judgment action if outright invalidation was sought. Without any clarity from Mercier, Rupp elected to file an ex-parte reexam so Mercier would address known prior art.

Regarding Patents 9,392,779 and 9,717,225, both Patents include the limitation of a "fixed angular orientation housing." Rupp's housing is not a fixed angular orientation, Rupp housings pivot on a polyaxial connection.

Brian Gilchrist, Esq.
November 3, 2017
Page 2

In light of the above, we are perplexed as to what aspect of the claim the Rupp device is infringes. For this reason we request a claim chart so we may advise our client accordingly.

Sincerely,

McHale & Slavin, P.A.

Michael A. Slavin

MAS/ac