**TO TAX IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 2:25-cv-14047-DMM**

GEM Products, LLC,

      Plaintiff/Counterclaim-Defendant,

v.

Rupp Marine, Inc.,

      Defendant/Counterclaimant.

_____/

**RUPP MARINE, INC.'S UNOPPOSED[1] MOTION TO TAX COSTS WITH
INCORPORATED SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and S.D. Fla. Local Rule 7.3, Defendant Rupp Marine, Inc. ("Rupp") respectfully submits its Motion to Tax Costs, with incorporated memorandum of law, in support of its concurrently filed Bill of Costs.

**I.       LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees.  The Eleventh Circuit has held that there is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of

---

[1] GEM does not oppose the present Motion, based on the Court's Final Judgment (DE 222).  GEM, however, has filed a notice of appeal to the Court of Appeals for the Federal Circuit to appeal that Final Judgment (DE 223), and reserves its rights based on the outcome of that appeal.

interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

The Southern District of Florida Local Rules provide that:

A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920. Prior to filing the bill of costs, the moving party shall confer with the affected parties under the procedure outlined in S.D.Fla.L.R.7.1(a)(3) in a good faith effort to resolve the items of costs being sought.

An application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts and shall be limited to the costs permitted by 28 U.S.C. § 1920. Expenses and costs that a party believes are recoverable although not identified in § 1920 shall be moved for as provided in paragraph 7.3(a) above. The bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages. The prospects or pendency of supplemental review or appellate proceedings shall not toll or otherwise extend the time for filing a bill of costs.

S.D. Fla. L. R. 7.3(c).

## II.   ARGUMENTS

### A.   Rupp Marine is the Prevailing Party.

Rupp Marine is the prevailing party in this action.  DE 222.  On May 5, 2026, the Final Judgement was entered on the docket (DE 222), entering final judgment of non-infringement in favor of Rupp Marine, Inc. and against GEM Products, LLC, following the grant of summary judgment of non-infringement (DE 211) and the discretionary dismissal of the invalidity counterclaims (DE 221).  Whether a party qualifies as a "prevailing party" is a question of law. *See, e.g.*, *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014) ("In a patent case, Federal Circuit law governs the determination of which party has prevailed."); *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 200) ("[O]ur review of the meaning of the term 'prevailing party' is de novo.") (quoting *Inland Steel Co. v. LTC Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004)).  When a court dismisses a plaintiff's claims on the merits, or even for a non-merits-based reason, the defendant is rendered the "prevailing party."

2

*CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 432-34 (2016); *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 678-79 (Fed. Cir. 2019).  Here, the Court granted summary judgment of non-infringement (DE 211) and entered a final judgment in favor of Rupp and against GEM (DE 222).  Accordingly, Rupp is indisputably the prevailing party in this action.

**B.      Rupp Marine Should Be Awarded Its Taxable Costs.**

As the prevailing party, there is a "strong presumption" that Rupp Marine should be awarded its taxable costs.  *See Mathews*, 480 F.3d at 1276.  As reflected in the form AO 133, Rupp Marine seeks taxable costs under § 1920, as follows:

| 28 U.S.C. § 1920(2) | Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $34,176.77 |
|---|---|---|
| 28 U.S.C. § 1920(4) | Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $3,755.75 |
| | **TOTAL** | **$37,932.52** |

Rupp Marine's costs are identified in the attached Bill of Costs, form AO 133, and itemized with supporting documentation in the attached Spreadsheet Itemizing Costs and Supporting Documentation (hereafter, "Spreadsheet").

**1.      Costs for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case.**

The fees for printed or electronically recorded transcripts incurred by Rupp Marine were necessarily obtained for use in the case and should be taxed against GEM.  "A 'deposition taken within the proper bounds of discovery will normally be deemed to be "necessarily obtained for use in the case."'"  *Spikes v. Schumacher Auto Grp., Inc.*, No. 21-cv-81223-Smith/McCabe, 2026 U.S. Dist. LEXIS 4277, at *25-26 (S.D. Fla. Jan. 9, 2026) (quoting *Santana v. RCSH Operations, LLC*, No. 10-61376-Civ, 2012 U.S. Dist. LEXIS 124119, 2012 WL 3779013, at *5 (S.D. Fla. 2012)).  "As a general rule, courts also find deposition transcripts to be taxable when the parties use the transcripts during motion practice."  *Id.* at *26 (citing *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016)).  Additionally, "[c]ourt reporter fees constitute taxable costs because the attendance of a court reporter at a deposition is directly related to the

preparation of the transcript." *Jean-Baptiste v. City of Miami*, No. 1:23-cv-22670-MD, 2026 U.S. Dist. LEXIS 35256, at *9 (S.D. Fla. Feb. 6, 2026) (citing *Lecy v. Remy Cointreau USA, Inc.*, No. 14-20906-CV, 2015 WL 12868176, at *3 (S.D. Fla. Mar. 31, 2015), *adopted*, 2015 WL 12866378 (S.D. Fla. June 11, 2015)).

In this action, GEM took ten (10) fact witness depositions as well as two (2) expert depositions. Rupp Marine took five (5) fact witness depositions as well as two (2) expert depositions. Additionally, Rupp Marine necessarily obtained four (4) motion hearing transcripts and the transcript from the initial scheduling conference, since substantive issues related to GEM's claims and theories were addressed in each, including statements by GEM as to the basis for its claims. Each of these was necessarily obtained for use in the case and reflect properly taxable costs. These items are listed in the attached Spreadsheet at pages 1–2 with supporting documentation at pages 4–30.

Rupp Marine is also entitled to recover the cost for the synched video of the Glonek deposition (*see* Spreadsheet at page 17). "Prevailing parties may be 'entitled to costs for video depositions "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation."'" *Jean-Baptiste v. City of Miami*, No. 1:23-cv-22670-MD, 2026 U.S. Dist. LEXIS 35256, at *8 (S.D. Fla. Feb. 6, 2026) (quoting *Bluegreen Vacations Unlimited, Inc. v. Timeshare Laws. P.A.*, No. 20-cv-24681, 2024 U.S. Dist. LEXIS 83807, at *14 (S.D. Fla. May 8, 2024), *adopted*, 2024 U.S. Dist. LEXIS 95180 (S.D. Fla. May 29, 2024). Here, the Glonek deposition was noticed by GEM for video recording and was necessarily obtained by Rupp Marine in that format due to Mr. Glonek's hand gestures during the deposition when he was discussing the articulation permitted by the polyaxial ball joint/stem that is present in Rupp Marine's Accused Pulley Clusters, a particularly significant issue in this action. *See, e.g.*, DE 211 at 10–11 (explaining why "[t]he way Defendant's pulleys move is significant" to this case).

**2.**      **Costs for Exemplification and Making Copies of Materials That Were Necessarily Obtained for Use in the Case.**

Rupp Marine also seeks reimbursement for making copies of the two (2) reports issued by GEM Products' technical expert, Mr. John Lloyd, and the printing costs of the summary judgment and *Daubert* briefing, specifically requested by the Court to aid in its ability to rule on those motions. As documented in the Spreadsheet on pages 31–33, on December 2, 2026, the Court requested that the parties provided printed copies of all filings related to the motions for summary judgment, and on December 8, 2026, the Court requested copies of the filings related to the parties' *Daubert* motions. Pursuant to those requests, Rupp Marine printed 2,955 pages of briefing, as summarized in the supporting documents. A reasonable in-house printing cost for those briefs and exhibits is $0.15/page. *See, e.g.*, *Spikes*, 2026 U.S. Dist. LEXIS 4277 at *28 (citing *Albakri v. Sheriff of Orange Cnty.*, No. 6:15-cv-1969-ORL-31GJK, 2017 U.S. Dist. LEXIS 150580, at *6-7 (M.D. Fla. Sept. 13, 2017), *adopted*, 2017 U.S. Dist. LEXIS 150578 (M.D. Fla. Sept. 18, 2017)). Based on the reasonable $0.15/page rate, the cost for these briefs is $443.25, as reflected on pages 31–33 of the Spreadsheet.

Rupp Marine also incurred taxable costs in connection with exemplifying Mr. Lloyd's two (2) expert reports for his deposition. Mr. Lloyd created affirmative report on patent infringement (*see* DE 157-1) and his rebuttal report regarding patent invalidity (*see* DE 164-2). Mr. Lloyd's infringement report (*see* DE 157-1), when including the appendix and exhibits, was a total of 1,029 pages. Mr. Lloyd's rebuttal to the invalidity report (*see* DE 164-2), when including the appendix and exhibits, was a total of 1,986 pages. These reports were required to be color printed for the official copies made part of his deposition, as they relied extensively on color images and color annotations, while black-and-white copies were created for counsel. Due to their volume, these reports were printed at FedEx Office, which provided a receipt for the $3,312.50 charged to Rupp Marine, as reflected on page 34 of the Spreadsheet.

\*   \*   \*

As reflected in the Bill of Costs and Spreadsheet with itemized documentation, the taxable

5

costs incurred by Rupp Marine are reasonable and appropriate. Moreover, there is no dispute between the parties that these are properly taxable costs based on the Court's entry of Final Judgment in favor of Rupp Marine. *See supra*, n.1.

## CONCLUSION

For the reasons addressed above, the Court should grant the present Unopposed Motion (*see supra*, n.1) and award Rupp Marine its taxable costs of $37,932.52.

Respectfully submitted,

McHale & Slavin, P.A.

**Andrew D. Lockton**
Andrew D. Lockton, Esq. (Fla. Bar No. 115519)
Edward F. McHale, Esq. (Fla. Bar No. 190300)
2855 PGA Boulevard
Plam Beach Gardens, Florida 33410
(561) 625-6575
(561) 625-6572 fax
alockton@mchaleslavin.com
emchale@mchaleslavin.com
litigation@mchaleslavin.com

*Counsel for Rupp Marine, Inc.*

## CERTIFICATE OF PRE-FILING CONFERENCE

Pursuant to Local Rule 7.1(a)(3) and 7.3(c), counsel for Rupp Marine conferred with counsel for GEM Products on June 1, 2026, in a good faith effort to resolve the issues raised in the motion.

GEM advised that it does not oppose the present Motion, based on the Court's Final Judgment. However, GEM has filed a notice of appeal to the Court of Appeals for the Federal Circuit Court to appeal that Final Judgment, and reserves its rights based on the outcome of that appeal.

**Andrew D. Lockton**
Andrew D. Lockton

6